PAUL E. MANASIAN (130855)
1310 65th Street
Emeryville, CA 94608
Phone: 415 730 3419
Email: manasian@mrlawsf.com

Proposed Attorney for Debtor in Possession,
.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA -- SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 20-30819 |
| BENJA INCORPORATED. a Delaware Corporation, | Chapter 11 |
| Debtor. | Dennis Montali |
| | **DEBTOR'S OPPOSITION TO MOTION FOR THE APPOINTMENT OF CHAPTER 11 TRUSTEE OR, IN THE ALTERNATIVE, FOR CONVERSION OF THE CASE TO CHAPTER 7 OF THE BANKRUPTCY CODE** |
| Federal Tax ID: | Date: October 26, 2020 |
| | Time: 1:30 p.m. |
| | Place: Hearing to be conducted by telephone via CourtCall |

Debtor in Possession Benja Incorporated ("Benja") hereby opposes the *Motion for the Appointment of Chapter 11 Trustee or, in the alternative, for Conversion of the Case to Chapter 7 of the Bankruptcy Code* [the "Motion"] as follows:

Benja is an ecommerce company which has been both blessed and cursed with almost stratospheric growth of its revenues in the last several years. It has acquired a number of "blue chip" customers, which generate revenues, and therefore accounts receivable, well in excess of _____ per year. While Benja has been successful in its core ecommerce business it has admittedly struggled with its accounting and financial reporting challenges presented by such phenomenal growth. Unfortunately, its efforts to address those challenges have been made more

-1-

Case: 20-30819   Doc# 37   Filed: 10/26/20   Entered: 10/26/20 08:30:46   Page 1 of 3

difficult by the tensions and conflicts between Joseph Alouf ("Alouf"), a consultant initially hired to assist Benja with its financial management challenges, and Andrew J. Chapin ("Chapin"), the co-founder and CEO of Benja. Those interpersonal difficulties have led to a series of disruptive events largely caused by Alouf's interference with Benja's relationships with its lenders and investors. The appointment of a Chapter 11 trustee in this case would simply compound those difficulties and may well result in a failure of the business. However, in light of the allegations made by Alouf, and the resulting loss of confidence by Benja's lenders and investors, Benja believes that the appointment of an examiner in this case would better suit the present situation as it would provide an independent confirmation of the soundness of the underlying business, verify the existence and value of Benja's accounts receivable, and investigate the allegations made by Alouf and others working in conjunction with Alouf.[1]

The allegations set forth in the declaration of Alouf are specifically responded to in the Declaration of Andrew J. Chapin (the "Chapin Declaration") submitted herewith. As set forth in the Chapin Declaration many of the allegations made by Alouf are simply due to Alouf's own misunderstandings. Most importantly, the allegation that the accounts receivable of Benja are somehow "not real" and that Benja is some sort of Ponzi scheme are patently untrue, and could be quickly determined by an examiner (or this Court if Benja were given a relatively short period to prove the validity of the accounts receivable). Benja's primary assests are its accounts receivable, which can be verified quickly, and its business relationships with its customers which will be imperiled by the appointment of a Chapter 11 trustee in this case.

Benja acknowledges that it needs to retain professionals to assist in organizing its books and records and intends to apply to the Court for appointment of Kruze and Company to serve as its accountants. In addition, it needs the assistance of a financial professional, and has retained

---

[1] As set forth in Bankruptcy Code Section 1106(b) the Court could also give the examiner any of the duties of a trustee, such as signature authority on any of Benja's bank accounts, pending conclusion of the examiner's report. Such controls would be welcome by Benja to dispel any interim concern's regarding the use of funds on hand and being collected.

Case: 20-30819   Doc# 37   Filed: 10/26/20   Entered: 10/26/20 08:30:48   Page 2 of 3

and will seek approval of the Court to retain in this case, Michael Roznowski of Fractal Advisors who has been in contact with a number of funding sources who are capable of and interested in funding Benja.[2]

The appointment of a trustee is a drastic remedy, which cannot (realistically) be undone.[3] Benja is a fragile business, in that it relies entirely upon relationships with its customers and its operational ability to satisfy those customers, both of which have been successfully managed by Chapin. While Benja, and Chapin, concede that the rapid growth of the business have overwhelmed their ability to function without strengthening the financial and accounting team necessary to operate, those needs would be best addressed through the retention of professionals and necessary staff while operating in Chapter 11. The appointment of an examiner, rather than a trustee, will permit those efforts to go forward and generate an examiner's report which will serve as for Benja to restore faith in its business to its existing investors, and assist in obtaining exit financing to confirm a plan of reorganization. Accordingly, Benja respectfully requests that the Court deny the Motion and, if the Court finds it necessary and appropriate appoint an examiner in this case.

Respectfully submitted,

Dated October 26, 2020          _Paul E. Manasian /s/_

Proposed Counsel for Debtor in Possession Benja Incorporated.

---

[2] Mr. Roznowski's engagement will be on a "contingency" basis, such that his firm will only be paid upon closing of a refinancing and not on an hourly basis.

[3] Benja also notes that the Motion is being heard on extremely short notice, and that it has had no opportunity to conduct discovery, including examination of Alouf, while also being challenged with the filing requirements attendant to the first weeks of a Chapter 11 filing.