1  Gary S. Wishik (SBN: 78614)
   gswlaw@gmail.com
2  GARY S. WISHIK, APLC
   9440 Santa Monica Blvd., Suite 301
3  Beverly Hills, CA 90210
4  Telephone:   (310) 278-3092

5  STEVEN R. SCHLESINGER (*application for admission pro hac vice to be submitted*)
   sschlesinger@jaspanllp.com
6  SOPHIA A. PERNA-PLANK (*admitted pro hac vice 10/29/2020*)
7  spernaplank@jaspanllp.com
   Jaspan Schlesinger LLP
8  300 Garden City Plaza, 5th Floor
   Garden City, NY 11530
9  Telephone:   (516) 746-8000
10 Facsimile:   (516) 393-8282

11 *Counsel for E-Revshare Core, LLC*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 20-30819 |
| **Benja Incorporated,** | Chapter 11 |
| Debtor. | Judge Dennis Montali |
| | **DECLARATION OF MICHAEL STERN IN FURTHER SUPPORT OF JOINDER OF E-REVSHARE CORE, LLC IN CREDITOR BUSEY BANK'S MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE OR, IN THE ALTERNATIVE, FOR CONVERSION OF CASE TO CHAPTER 7 OF THE BANKRUPTCY CODE, AND IN REPLY TO DEBTOR'S OPPOSITION TO THE MOTION** |

I, **MICHAEL STERN**, declare as follows under penalty of perjury:

DECLARATION OF MICHAEL STERN IN FURTHER SUPPORT OF JOINDER OF E-REVSHARE CORE, LLC IN CREDITOR BUSEY BANK'S MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE OR, IN THE ALTERNATIVE, FOR CONVERSION OF CASE TO CHAPTER 7 OF THE BANKRUPTCY CODE, AND IN REPLY TO DEBTOR'S OPPOSITION TO THE MOTION
CASE NO. 20-30819.

SAP/DF494295v1/M078595/C0187740

Case: 20-30819    Doc# 40    Filed: 10/26/20    Entered: 10/26/20 13:28:34    Page 1 of 4

1. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein, and, if called as a witness, would testify competently thereto.

2. I am the manager of E-Revshare Core, LLC, a Delaware limited liability company ("E-Revshare" or "Empowerment").

3. I am a resident of the State of New York and over the age of twenty-one. Empowerment's principal place of business is maintained at 223 Wall Street, Huntington, New York.

4. On June 5, 2020, Empowerment entered into a revenue participation purchase agreement with Benja Incorporated (the "RPA"). A copy of the RPA is attached to the Joinder (defined below). As set forth and established in the Joinder and the RPA, Empowerment is a creditor of debtor, Benja Incorporated ("Benja" or the "Debtor").

5. On or about October 26, 2020, Benja filed its opposition to the motion filed by creditor Busey Bank (the "Bank" or "Busey") for an order for the appointment of a Chapter 11 trustee for Benja and its estate, or, in the alternative, for the conversion of the Debtor's case to a case under Chapter 7 of the Bankruptcy Code (the "Motion"), which included a declaration of Andrew J. Chapin, the purported largest shareholder and CEO of Benja (the "Chapin Declaration").

6. I have reviewed Benja's opposition papers, including the Chapin Declaration and submit this declaration to highlight some of the blatant falsities proffered by the Debtor and Mr. Chapin, and in further support of Empowerment's joinder in the Motion and the relief sought therein (the "Joinder").

DECLARATION OF MICHAEL STERN IN FURTHER SUPPORT OF JOINDER OF E-REVSHARE CORE, LLC IN CREDITOR BUSEY BANK'S MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE OR, IN THE ALTERNATIVE, FOR CONVERSION OF CASE TO CHAPTER 7 OF THE BANKRUPTCY CODE, AND IN REPLY TO DEBTOR'S OPPOSITION TO THE MOTION
CASE NO. 20-30819.

SAF/DT494295v1/M078595/C0187740

Case: 20-30819　　Doc# 40　　Filed: 10/26/20　　Entered: 10/26/20 13:28:34　　Page 2 of 4

7. The misstatements of fact made by Mr. Chapin in the Chapin Declaration are numerous. For example, Empowerment never informed the Debtor or Mr. Chapin that "the nature of the Empowerment loan made it an off-balance sheet obligation." (Chapin Declaration at ¶ 14.) Empowerment is not an accounting firm and it is our practice to direct portfolio companies like Benja to consult their own accounting professionals. Empowerment did not and would not make any statement or representation that the transaction with Benja was an off-balance sheet obligation.

8. Mr. Chapin inaccurately represents that he kept "Empowerment informed of the Busey loan from the beginning of negotiations." *See* Chapin Declaration at ¶ 15. In reality, Benja and Mr. Chapin failed to disclose key aspects of Busey's loan, such as security interests and the amount drawn on the facility on numerous occasions.

9. Additionally, contrary to what Mr. Chapin states in his declaration Benja is not current on its obligations to Empowerment under the RPA. I have reviewed Empowerment's books and records, and Benja has failed to pay the September 2020 revenue share, which was due in early October before the date of bankruptcy petition.

10. Further, I have reason to believe that Mr. Chapin's representation of purported accounts receivable exceeding $6,000,000.00 is fake. (Chapin Declaration at ¶ 4). For example, in or about April 23, 2020, Empowerment made certain Benja customer reference calls to verify financial information. In connection with one such call, Benja provided us with the contact information for Adam Spangler of Nike. However, we later determined that the contact information was in fact for Gabe Mott, a Benja employee, evidencing that Benja fabricated the customer reference and that Nike was not a large, enthusiastic customer as Benja claimed, and

DECLARATION OF MICHAEL STERN IN FURTHER SUPPORT OF JOINDER OF E-REVSHARE CORE, LLC IN CREDITOR BUSEY BANK'S MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE OR, IN THE ALTERNATIVE, FOR CONVERSION OF CASE TO CHAPTER 7 OF THE BANKRUPTCY CODE, AND IN REPLY TO DEBTOR'S OPPOSITION TO THE MOTION
CASE NO. 20-30819.

SAF/DT494295v1/M078595/C0187740    Case: 20-30819    Doc# 40    Filed: 10/26/20    Entered: 10/26/20 13:28:34    Page 3 of 4

perhaps was not a customer at all. Similarly, five months of bank statements provided by Busey bank reflect no payments from any of Benja's purported high profile customers.

11. As further evidence of fraud, bank statements provided to Empowerment by Benja reflect a certain $208,484.54 payment to Conde Nast on August 31, 2020. As part of our investigation, we communicated with Maria Marino, Supervisor, Treasury Services at Conde Nast, and Vickie Meredith, Manager of Treasury Services at Advance Publications (which owns Conde Nast) to confirm the payment. Both Ms. Marino and Ms. Meredith confirmed that no such payment was received from Benja.

12. The misinformation contained in the Chapin Declaration as highlighted above serves as further support that a Chapter 11 trustee should be appointed in this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on October 26, 2020.

Signature: s/Michael Stern

Printed name: Michael Stern

Business Address: 223 Wall Street, Huntington, NY

Phone Number: (917) 477-7967

DECLARATION OF MICHAEL STERN IN FURTHER SUPPORT OF JOINDER OF E-REVSHARE CORE, LLC IN CREDITOR BUSEY BANK'S MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE OR, IN THE ALTERNATIVE, FOR CONVERSION OF CASE TO CHAPTER 7 OF THE BANKRUPTCY CODE, AND IN REPLY TO DEBTOR'S OPPOSITION TO THE MOTION
CASE NO. 20-30819.

SAF/DF494295v1/M078595/C0187740

Case: 20-30819    Doc# 40    Filed: 10/26/20    Entered: 10/26/20 13:28:34    Page 4 of 4