Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Counsel for Chapter 11 Trustee
Kyle Everett

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED<br><br>Debtor. | Case No. 20-30819 DM<br><br>Chapter 11<br><br>**TRUSTEE'S STATEMENT REGARDING DESIGNATION OF RESPONSIBLE INDIVIDUAL** |

KYLE EVERETT, Chapter 11 Trustee (the "Trustee") in this matter, files the following statement regarding the Designation of Responsible Individual required by Local Rule 4002-1.

The rule requires a debtor that is not an individual to file an application to designate a natural person to be responsible for the duties and obligations of the debtor or debtor-in-possession. The application is to be filed with the petition or promptly after the filing of the case. Benja Incorporated ("Debtor") has not filed an application even though this case was filed on October 15, 2020. The petition and related documents filed by the Debtor were signed by Andrew Chapin as President and CEO. The Trustee understands, however, that Mr. Chapin was arrested and charged by the federal government with various crimes related to his activities with the Debtor. Given the situation, the Trustee does not believe that Debtor will seek to designate Mr. Chapin.

Based on the Trustee's current investigation, he is not aware of anyone else who might serve as the Responsible Individual in the case. Therefore, while Local Rule 4002-1(b)

provides for a successor natural person, which itself anticipates a person having been initially designated, the Trustee is not aware of anyone who could be appointed as the successor Responsible Individual. Local Rule 4002-1(b) also refers to the Debtor filing a statement that there is no natural person to serve as the Responsible Individual. The Trustee does not know if the Debtor intends to do this, but the Trustee is not aware of anyone who might serve in that capacity.

Moreover, to the extent any party or the Court might consider that Mr. Everett should apply to be designated or serve as the responsible individual, the Trustee believes such designation is not appropriate under the rule. The rule anticipates an individual being appointed to act on behalf of the entity and to, for example, provide information to the Trustee. The Trustee cannot fill both his role as trustee and the role of the Debtor's responsible individual. Finally, there is arguably a matter of corporate governance. The responsible individual is typically identified in a corporate resolution passed by the Board of Directors. The Trustee understands that at the time of filing this case, Mr. Chapin was the only officer and only director. There is currently no person through whom the corporation can act.

Mr. Chapin did not appear at the initial debtor interview and the meeting of creditors. The Trustee does not believe Mr. Chapin will be available for the continued meeting of creditors. If he does appear, the Trustee does not expect him to answer questions. The Trustee is hoping to obtain Mr. Chapin's assistance in unwinding Debtor's business affairs and recovering funds for the creditors. At present, however, the Trustee does not know if he will receive such assistance. The Trustee does not have a proposal to the Court in terms of any orders it might enter in light of the situation, but the Trustee wanted to bring the situation to the attention of the Court and the creditors.

Dated: December 7, 2020               FINESTONE HAYES LLP

/s/ Stephen D. Finestone
Stephen D. Finestone
Attorneys for Kyle Everett

I am over the age of 18 and not a party to this action. My business address is 456 Montgomery Street, Floor 20, San Francisco, California 94104. I caused a true and correct copy of the following documents:

**TRUSTEE'S STATEMENT REGARDING DESIGNATION OF RESPONSIBLE INDIVIDUAL**

to be served in the manner stated below.

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Pursuant to controlling General Orders and Local Bankruptcy Rules, service of the foregoing was accomplished by the court via NEF and link to the document. On December 7, 2020, I checked the CM/ECF docket for this action and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below.

Jared Day on behalf of the Office of the U.S. Trustee
Jared.a.day@usdoj.gov

Paul Manasian on behalf of Benja Incorporated
manasian@mrlwsf.com

Tanya Behnam, Randye Soref, Jerry L. Switzer, Jr. and Jean Soh on behalf of Busey Bank
tbehnam@polsinelli.com
jsoh@polsinelli.com
rsoref@polsinelli.com
jswitzer@polsinelli.com

Sophia Ashley Perna-Bank on behalf of E-Revshare Core, LLC
spernaplank@jaspanllp.com

Steven Soulios on behalf of XRC Fund III
ssoulios@lawnynj.com

2. **SERVED BY OVERNIGHT MAIL**

On December 7, 2020, I verified that the following persons and/or entities were served at the last known addresses in this action by overnight Federal Express mail.

3. **SERVED BY EMAIL**

On December 7, 2020, I served the following persons and/or entities by email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 7, 2020, in San Francisco, California.

                                         /s/ Stephen D. Finestone
                                         Stephen D. Finestone