Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Counsel for Chapter 11 Trustee
Kyle Everett

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED<br><br>    Debtor. | Case No. 20-30819 DM<br><br>Chapter 11<br><br>**MOTION TO CONVERT CASE TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

      KYLE EVERETT, Chapter 11 Trustee (the "Trustee") hereby moves this Court for an order converting this case to a case under Chapter 7 of Title XI and represents:

      1.    Debtor, Benja Incorporated ("Debtor") filed a voluntary Chapter 11 case on October 15, 2020.

      2.    The Court granted a motion by creditor Busey Bank to appoint a Chapter 11 trustee in this case on October 26, 2020.

      3.    The Office of the U.S. Trustee ("UST") sought the appoint of Kyle Everett as the Chapter 11 Trustee and the Court approved the appointment of Mr. Everett on November 3, 2020.

      4.    Since his appointment, the Trustee has been consulting with creditors and independently investigating Debtor's prior affairs and transactions.

      5.    The Trustee's investigation has been hindered by the fact that Debtor's

principal, Andrew Chapin, was indicted for various charges by the United States and Mr. Chapin has refused to provide the Trustee with information that might assist with his investigation.

6. Nevertheless, the Trustee has conducted many hours of research, review and analysis of the Debtor's books and records which were made available and developed a list of transactions that he believes are likely avoidable and related targets to pursue.

7. Based on his investigation, however, the Trustee does not believe there is any business of the Debtor remaining to operate.

8. Moreover, the Trustee believes it is appropriate to convert the case to one under Chapter 7 based upon, among other things, that Debtor is not currently operating any meaningful business and the administrative cost of remaining in Chapter 11 and the cost of proposing and confirming a potential Chapter 11 plan are not justified in this instance.

9. The Trustee has consulted with the active parties in the case, including Busey Bank, E-Revshare Core, LLC, XRC Growth Fund I, L.P. and XRC Fund III, LLC. All of these parties are in favor of conversion of the case.

## MEMORANDUM OF POINTS AND AUTHORITIES

Bankruptcy Section 1112(b) provides for a party other than the debtor to seek conversion to Chapter 7 for cause, with certain exceptions not applicable in this case. As the Debtor is not effectively represented in this case, the Trustee does not expect the Debtor to take a position regarding conversion. In considering such a request, the Court shall consider the best interests of creditors. The alternative under Section 1112(b) for appointment of a trustee or examiner is inapplicable here given Mr. Everett's previous appointment.

In analyzing a request for conversion, a court should take a two-step approach. First, does cause exist and then second, whether conversion or dismissal is in the interests of creditors. *See, e.g. Francis v. Harrington (In re Francis)*, 2019 Bankr. LEXIS 826 (1st Cir. BAP 2019) (collecting citations). The court is not limited to the grounds specifically identified in Section 1112. *In re C.J. Corp.*, 78 N.T. 273 (Bankr. D. HI 1987), *In re Eclair Bakery, Ltd.*, 255 B.R. 121, 2000 Bankr. LEXIS 1495 (Bankr. S.D.N.Y. 2000). A Chapter 11 case should be

converted rather than dismissed where there are substantial assets for a trustee to deal with or to recover on behalf of the creditors. *In re Silverstein*, 94 B.R. 284 (Bankr. E.D.N.Y. 1988). The Court should also consider whether creditor consensus is in favor of conversion. *In re Mazzocone*, 183 B.R. 402 (Bankr. E.D. PA 1995).

As set forth in Mr. Everett's accompanying declaration, conversion is appropriate in this case. There is no ongoing business. There is no tactical or business reason to justify remaining in a Chapter 11. Keeping the case in Chapter 11 will result in the estate incurring fees and costs that are not necessary and not productive to creditor recovery. This case has essentially become a salvage operation. There are plenty of targets as it appears Debtor was essentially engaged in a Ponzi type scheme to bring in investors and lenders. Finally, based upon the input he has received from the creditors and parties in interest active in the case, the Trustee believes creditors are in favor of conversion.

Accordingly, the Trustee requests that the Court enter an order converting the case to Chapter 7.

Dated: January 15, 2021                                    FINESTONE HAYES LLP

/s/ Stephen D. Finestone
Stephen D. Finestone
Attorneys for Kyle Everett