Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Counsel for Chapter 11 Trustee
Kyle Everett

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED<br><br>    Debtor. | Case No. 20-30819 DM<br><br>Chapter 11<br><br>**DECLARATION OF KYLE EVERETT IN SUPPORT OF MOTION TO CONVERT CASE TO CHAPTER 7** |

I, Kyle Everett, declare as follows:

1. I make this declaration in support of the Motion to Convert Case to Chapter 7. The statements herein are based upon my own knowledge or my information and belief where indicated. If called as a witness, I could and would testify competently to the matters set forth below.

2. Debtor, Benja Incorporated ("Debtor") filed a voluntary Chapter 11 case on October 15, 2020.

3. The Court granted a motion by creditor Busey Bank to appoint a Chapter 11 trustee in this case on October 26, 2020.

4. The Office of the U.S. Trustee ("UST") sought my appointment as the Chapter 11 Trustee and the Court approved my appointment on November 3, 2020.

5. Since my appointment, I have been consulting with creditors and independently

investigating Debtor's prior affairs and transactions.

6. My investigation has been hindered by the fact that Debtor's principal, Andrew Chapin, was indicted for various charges by the United States and Mr. Chapin has refused to provide me with information that might assist with the investigation.

7. Nevertheless, I have engaged in many hours of research of Debtor's financial transactions and documents related to the transactions and developed a list of transactions that I believe are likely avoidable. I intend to pursue the recipients of funds from the Debtor and have identified a number of targets for prosecution of avoidance actions and the like.

8. Based on my investigation, I do not believe there is any business of the Debtor remaining to operate.

9. At this point, I believe it is appropriate to convert the case to one under Chapter 7. My opinion is based upon, among other things, that Debtor is not currently operating any meaningful business and the administrative cost of remaining in Chapter 11 and the cost of proposing and confirming a potential Chapter 11 plan are not justified in this instance.

10. I have consulted with the active parties in the case, including Busey Bank, E-Revshare Core, LLC, XRC Growth Fund I, L.P. and XRC Fund III, LLC. All of these parties are in favor of conversion of the case to Chapter 7.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 15, 2021 in San Francisco, California.

/s/ Kyle Everett
Kyle Everett