Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Counsel for Chapter 11 Trustee
Kyle Everett

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED<br><br>    Debtor. | Case No. 20-30819 DM<br><br>Chapter 11<br><br>**TRUSTEE'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO RULE 2004 FOR PRODUCTION OF DOCUMENTS AND EXAMINATION OF TACO CORP OF AMERICA** |

**TO THE HON. DENNIS MONTAL AND ALL INTERESTED PARTIES**:

KYLE EVERETT, Chapter 11 Trustee (the "Trustee") in this matter, submits this application pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Application") for entry of an order authorizing the examination of Taco Corp of America ("TCA") via videoconference or any other method agreed to by the Trustee and TCA, and the production of documents as described in Exhibit A prior to the examination. As the Trustee has a pending motion to convert this case to a Chapter 7, this application and the related order shall provide authority for the Trustee or the Chapter 7 trustee to conduct the examination.

**Background:**

The Debtor filed a voluntary Chapter 11 on October 15, 2020. The Court granted the motion of Busey Bank for appointment of a Chapter 11 on October 26, 2020. The Office of the

U.S. Trustee sought the appoint of Kyle Everett as the Chapter 11 Trustee and the Court approved the appointment of Mr. Everett on November 3, 2020. Since his appointment, the Trustee has been investigating Debtor's affairs, though his investigation has been slowed by the fact that Debtor's principal, Andrew Chapin, was arrested and charged with various federal offenses and has been unwilling to provide information to the Trustee.

The Trustee wishes to obtain documents from TCA and examine it based on the fact that TCA and Buerck received a series of large payments from the Debtor within 18 months prior to Debtor's bankruptcy filing.

**Legal Argument:**

Rule 2004(a) of the Bankruptcy Rules states that upon a motion of any party in interest, "the court may order the examination of any entity." Rule 2004(c) in turn allows for the production of documents. Rule 2004-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California allows for the Court Clerk to issue an order granting an application for examination of a witness pursuant to Rule 2004(a).

The scope of a Rule 2004 examination "is 'unfettered and broad,' and the rule itself is 'one of the peculiar characteristics of bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does.'" 9 King, *Collier on Bankruptcy*, Examination, ¶ 2004.02[1] (15th ed. rev. 1998) (quoting *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984)). In its broadest sense, 2004 examinations are referred to as a "fishing expedition." *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D. N.Y. 1996). Such examinations are not intended to be abusive, but instead provide opportunities for "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Washington Mutual, Inc.*, 408 B.R. at 408 B.R. 45, 50 (Bankr. D. Del. 2009), citing *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D. N.Y. 2002). Accordingly, no contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination under Rule 2004.

Accordingly, the Trustee requests issuance of an order requiring TCA to produce documents in response to Exhibit A no later than 15 days subsequent to service of the Court's

Case: 20-30819    Doc# 71    Filed: 01/18/21    Entered: 01/18/21 16:34:15    Page 2 of 5

order granting this Application, and to appear for examination via video conference or such other method as may be agreed upon by the parties at a mutually agreed upon date but no later than 14 days after production of the documents. As the Trustee has a pending motion to convert this case to a Chapter 7, this application and the related order shall provide authority for the Trustee or the Chapter 7 trustee to conduct the examination.

Dated: January 18, 2021                              FINESTONE HAYES LLP

/s/ Stephen D. Finestone
Stephen D. Finestone
Attorneys for Kyle Everett

# EXHIBIT A

## Instructions and Definitions

A. "**Document**" and "**Documents**" shall have the same definition as contemplated by the Federal Rules of Civil Procedure 26 or 34, including, without limitation, all papers, writings, and records of every type and description, all written, recorded and graphic matter of every type and description, contracts, receipts, buy orders, canceled checks, drafts, invoices, statements, memoranda, corporate minutes, bulletins, intra- and interoffice communications, books of account, worksheets, desk diaries, appointment books, expense accounts, recordings, notes of conversations, notes of meetings and conferences, telegraphic communications, stock certificates, pamphlets, schedules, studies, books, computer printouts, reports, photographs, maps, charts, photographic records, tapes, transcriptions of tapes, and any other device or medium on or through which information of any type is transmitted, recorded, or preserved. The term "document" also encompasses all matters, instruments or other means of electronic storage or other forms of media, including e-mails and other electronically stored information. The term "document" also means every copy of a document where such copy is not an identical duplicate of the original.

B. The term "**Communication**(s)" or "**Communication**(s)" includes any contact, regardless of method between two or more persons, organizations, companies or other business entities, regardless of form, and shall include, without limitation, meetings, conferences, negotiations, telephone conversations, text messages or any other form of verbal or written exchange of information in the form of facts, ideas, inquiries, or otherwise.

C. The term "**TCA**" means Taco Corp of America, its officers, employees, directors, agents and anyone else acting on its behalf, including Brett Buerck.

D. The term **"Debtor"** means Benja Incorporated and any of its officers, directors, shareholders, employees, agents, lawyers, as well as any related entities that are or were owned by Debtor and any predecessors or successors in interest, including EPHE Corp and any person acting on their behalf.

E. The term **"Chapin"** means Andrew Chapin and any of his employees, agents, lawyers or anyone acting on his behalf.

**DOCUMENTS TO BE PRODUCED**

1. All Documents concerning any investment made by TCA in the Debtor.
2. All Communications regarding any investment in the Debtor, including but not limited to, emails and text messages.
3. All Documents concerning any loans by TCA to the Debtor.
4. All Communications regarding any loans by TCA to the Debtor.
5. All Communications with the Debtor or anyone acting on its behalf.
6. All Communications with Chapin.
7. All Communications with Thomas Goode.
8. All Documents evidencing any funds you received from the Debtor, including but not limited to, checks, wire information and any Documents or Communications in connection therewith.
9. Documents evidencing any demands for payment from the Debtor.
10. All Communications with any creditor of the Debtor.