

Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Counsel for Chapter 11 Trustee
Kyle Everett

Signed and Filed: January 22, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED<br><br>   Debtor. | Case No. 20-30819 DM<br><br>Chapter 11<br><br>**ORDER GRANTING TRUSTEE'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO RULE 2004 FOR PRODUCTION OF DOCUMENTS AND EXAMINATION OF MHC FINANCIAL SERVICES, INC. and the MURPHY HOFFMAN COMPANY** |

     The Court having reviewed the Trustee's Ex Parte Application for an Order Pursuant to Rule 2004 for Production of Documents and Examination of MHC Financial Services, Inc. and Murphy Hoffman Company (the "Application"), and good cause appearing:

     **IT IS ORDERED** that:

1. The Application is granted as provided herein.

2. MHC Financial Services, Inc. and the Murphy Hoffman Company (collectively "MHC") shall produce documents identified in Exhibit A attached hereto no later than 15 days from service of this Order.

3. MHC shall appear for an examination via video conference or such other method as may agreed upon by the Trustee and MHC at a mutually agreed upon date but not

later than 14 days after production of the documents as required above.

4. The Trustee may issue any process that he determines may be necessary in conjunction with this Order.

5. This Order applies in any converted case and the Chapter 7 trustee appointed in the converted case is authorized to take the examination and obtain the documents provided for in this Order without the need for a new application pursuant to Rule 2004.

\*\* END OF ORDER \*\*

# EXHIBIT A

## Instructions and Definitions

A. "**Document**" and "**Documents**" shall have the same definition as contemplated by the Federal Rules of Civil Procedure 26 or 34, including, without limitation, all papers, writings, and records of every type and description, all written, recorded and graphic matter of every type and description, contracts, receipts, buy orders, canceled checks, drafts, invoices, statements, memoranda, corporate minutes, bulletins, intra- and interoffice communications, books of account, worksheets, desk diaries, appointment books, expense accounts, recordings, notes of conversations, notes of meetings and conferences, telegraphic communications, stock certificates, pamphlets, schedules, studies, books, computer printouts, reports, photographs, maps, charts, photographic records, tapes, transcriptions of tapes, and any other device or medium on or through which information of any type is transmitted, recorded, or preserved. The term "document" also encompasses all matters, instruments or other means of electronic storage or other forms of media, including e-mails and other electronically stored information. The term "document" also means every copy of a document where such copy is not an identical duplicate of the original.

B. The term "**Communication**(s)" or "**Communication**(s)" includes any contact, regardless of method between two or more persons, organizations, companies or other business entities, regardless of form, and shall include, without limitation, meetings, conferences, negotiations, telephone conversations, text messages or any other form of verbal or written exchange of information in the form of facts, ideas, inquiries, or otherwise.

C. The term **"MHC"** means MHC Financial Service, Inc. and the Murphy Hoffman Company, their officers, employees, directors, agents and anyone else acting on their behalf.

D. The term **"Debtor"** means Benja Incorporated and any of its officers, directors, shareholders, employees, agents, lawyers, as well as any related entities that are or were owned by Debtor and any predecessors or successors in interest, including EPHE Corp and any person acting on their behalf.

E. The term **"Chapin"** means Andrew Chapin and any of his employees, agents, lawyers or anyone acting on his behalf.

F. The **"Factoring Agreement"** means the Factoring Services Agreement dated March 25, 2020 entered into between MHC and the Debtor, as amended.

## DOCUMENTS TO BE PRODUCED

1. All Documents concerning any loans or advances made by MHC to the Debtor, including but not limited to, any agreements, correspondence, underwriting, advances and payments.
2. All Communications regarding any loans or advances to the Debtor, including but not limited to, emails and text messages.
3. All Documents concerning any repayment to MHC by the Debtor.
4. All Communications with any third-party regarding the Debtor and any of its officers, directors or employees.
5. All Communications with the Debtor or anyone acting on its behalf.
6. All Communications with Chapin.
7. All Communications with Thomas Goode.
8. All Documents evidencing or otherwise relating to transfers made by the Debtor to MHC or for MHC's benefit, of funds or other property of the Debtor, including but not limited to, checks, wire information and any Documents or Communications in connection therewith.
9. Documents evidencing any demands for payment from the Debtor.
10. All Communications with any creditor of the Debtor.

**Court Service List:**

ECF Participants Only