

1   Stephen D. Finestone (125675)
    Jennifer C. Hayes (197252)
2   Ryan A. Witthans (301432)
    FINESTONE HAYES LLP
3   456 Montgomery Street, 20th Floor
    San Francisco, California 94104
4   Tel. (415) 421-2624
    Fax (415) 398-2820
5   sfinestone@fhlawllp.com

6   Counsel for Chapter 11 Trustee
    Kyle Everett
7

**Signed and Filed: January 22, 2021**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

8                  UNITED STATES BANKRUPTCY COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11   In re                                    Case No. 20-30819 DM

12   BENJA INCORPORATED                        Chapter 11

13        Debtor.                              **ORDER GRANTING TRUSTEE'S**
                                               **EX PARTE APPLICATION FOR**
14                                             **AN ORDER PURSUANT TO RULE**
                                               **2004 FOR PRODUCTION OF**
15                                             **DOCUMENTS AND**
                                               **EXAMINATION OF THOMAS**
16                                             **GOODE**

17

18       The Court having reviewed the Trustee's Ex Parte Application for an Order Pursuant to

19   Rule 2004 for Production of Documents and Examination of Thomas Goode (the

20   "Application"), and good cause appearing:

21       **IT IS ORDERED** that:

22       1.  The Application is granted as provided herein.

23       2.  Thomas Goode ("Goode") shall produce documents identified in Exhibit A attached

24           hereto no later than 15 days from service of this Order.

25       3.  Goode shall appear for an examination via video conference or such other method

26           as may agreed upon by the Trustee and Goode at a mutually agreed upon date but

27           not later than 14 days after production of the documents as required above.

28       4.  The Trustee may issue any process that he determines may be necessary in

1     conjunction with this Order.

2   5.   This Order applies in any converted case and the Chapter 7 trustee appointed in the

3     converted case is authorized to take the examination and obtain the documents

4     provided for in this Order without the need for a new application pursuant to Rule

5     2004.

6                  ** END OF ORDER **

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE 2004 APP – GOODE

**Instructions and Definitions**

A. "**Document**" and "**documents**" shall have the same definition as contemplated by the Federal Rules of Civil Procedure 26 or 34, including, without limitation, all papers, writings, and records of every type and description, all written, recorded and graphic matter of every type and description, contracts, receipts, buy orders, canceled checks, drafts, invoices, statements, memoranda, corporate minutes, bulletins, intra- and interoffice communications, books of account, worksheets, desk diaries, appointment books, expense accounts, recordings, notes of conversations, notes of meetings and conferences, telegraphic communications, stock certificates, pamphlets, schedules, studies, books, computer printouts, reports, photographs, maps, charts, photographic records, tapes, transcriptions of tapes, and any other device or medium on or through which information of any type is transmitted, recorded, or preserved. The term "document" also encompasses all matters, instruments or other means of electronic storage or other forms of media, including e-mails and other electronically stored information. The term "document" also means every copy of a document where such copy is not an identical duplicate of the original.

B. The term "**Communication**(s)" or "**communication**(s)" includes any contact, regardless of method between two or more persons, organizations, companies or other business entities, regardless of form, and shall include, without limitation, meetings, conferences, negotiations, telephone conversations, or any other form of verbal or written exchange of information in the form of facts, ideas, inquiries, or otherwise.

C. The term "**Goode**" means Thomas Goode.

D. The term **"Debtor"** means Benja Incorporated and any of its officers, directors, shareholders, employees, agents, lawyers, as well as any related entities that are or were owned by Debtor and any predecessors or successors in interest, including EPHE Corp and any person acting on their behalf.

E. The term **"Chapin"** means Andrew Chapin and any of his employees, agents, lawyers or anyone acting on his behalf.

**DOCUMENTS TO BE PRODUCED**

1. All Documents concerning the Debtor, including but not limited to, tax returns, corporate resolutions, employment contracts, financial reporting, financial records, bank records, correspondence, e-mails, texts, vendor contracts and invoices, customer contracts and invoices, investor and SAFE contracts and any analyses prepared by third parties relating to the Debtor.

2. All Communications with the Debtor.

3. All Communications with Chapin.

4. All Documents relating to or describing your job duties with the Debtor.

5. All Documents relating to any compensation or other consideration received from the Debtor during the period of 2016 to the present.

6. All Documents relating to Goode's involvement in any loans to or investments made by third parties to the Debtor, including any guarantees executed by Goode in connection therewith.

ORDER RE 2004 APP – GOODE                                                                  4

1    **Court Service List:**

2    ECF Participants Only

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE 2004 APP – GOODE                                                                                                      5