Entered on Docket
July 26, 2021
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 810
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Signed and Filed: July 26, 2021

_____
DENNIS MONTALI
U.S. Bankruptcy Judge

Counsel for Inverness Advisors, LLC and Tom Peters

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

In re

BENJA INCORPORATED

    Debtor

Case No. 20-30819 DM

Chapter 7

**ORDER OF EXAMINATION UNDER RULE 2004**
**(Andrew Chapin)**

Upon consideration of the Application of Inverness Advisors, LLC and Tom Peters (collectively "Peters") for an Order for the Examination of Andrew Chapin on specified topics and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    Under the circumstances, further notice or an opportunity to be heard is not necessary.

2.    The Application be, and it hereby is, granted.

3.    Andrew Chapin be, and he hereby is, ordered to present himself for examination before a

certified court reporter, by video conference or such other method as may be agreed among the parties, at a mutually agreed date and time but not later than 30 days following service of this Order, such examination to be limited to the Scope identified in the Application.

4. Andrew Chapin be, and he hereby is, ordered to produce the documents identified below no later than 15 days following service of this Order.

## DOCUMENT PRODUCTION

**Instructions and Definitions**

A. "**Document**" and "**Documents**" shall have the same definition as contemplated by the Federal Rules of Civil Procedure 26 or 34, including, without limitation, all papers, writings, and records of every type and description, all written, recorded and graphic matter of every type and description, contracts, receipts, buy orders, canceled checks, drafts, invoices, statements, memoranda, corporate minutes, bulletins, intra- and interoffice communications, books of account, worksheets, desk diaries, appointment books, expense accounts, recordings, notes of conversations, notes of meetings and conferences, telegraphic communications, stock certificates, pamphlets, schedules, studies, books, computer printouts, reports, photographs, maps, charts, photographic records, tapes, transcriptions of tapes, and any other device or medium on or through which information of any type is transmitted, recorded, or preserved. The term "document" also encompasses all matters, instruments or other means of electronic storage or other forms of media, including e-mails and other electronically stored information. The term "document" also means every copy of a document where such copy is not an identical duplicate of the original.

B. The term "**Communication**(s)" or "**Communication**(s)" includes any contact, regardless of method between two or more persons, organizations, companies or other business entities,

regardless of form, and shall include, without limitation, meetings, conferences, negotiations, telephone conversations, text messages or any other form of verbal or written exchange of information in the form of facts, ideas, inquiries, or otherwise.

C. The term **"Debtor"** means Benja Incorporated and any of its officers, directors, shareholders, employees, agents, lawyers, as well as any related entities that are or were owned by Debtor and any predecessors or successors in interest, including EPHE Corp and any person acting on their behalf.

D. The term **"Peters"** means Tom Peters, Inverness Advisors, LLC, KEMA Partners, LLC, any of their officers, directors, shareholders, employees, agents, lawyers, as well as any related entities and any predecessors or successors in interest, and any person acting on their behalf.

E. The term **"Transfers"** means the monetary transfers referred to in the following paragraph:

> While reviewing activity in the [Debtor's] Chase account, Mr. Alouf discovered that a $600,000 deposit was made to the Chase account on September 25, 2020, from TCA. Alouf Decl. ¶ 41. Immediately after that deposit, a $387,000 transfer was made out of the Chase account to a personal Chapin account at Chase. Alouf Decl. ¶ 41. When Mr. Alouf raised this transfer with Chapin, he claimed that he needed $250,000 in order to return an equity investment from a Tom Peters in connection with a recent equity raise (as described below). Alouf Decl. ¶ 41. Chapin claimed he couldn't make the transfer out of the Debtor's Chase account because the withdrawal would require two signatures. Alouf Decl. ¶ 41.

Dkt #19, 17:13-21

**DOCUMENTS TO BE PRODUCED**

1. All Documents concerning any investment made by Peters in the Debtor.

2. All Communications regarding any investment by Peters in the Debtor, including but not limited to, emails and text messages.

3. All Documents concerning the "recent equity raise" from Peters.

4. All Communications regarding the "recent equity raise" from Peters, including but not limited to, emails and text messages

5. All Documents regarding the "return of an equity investment" from Peters.

6. All Communications regarding the "return of an equity investment" from Peters, including but not limited to, emails and text messages.

7. All Documents regarding the Transfers.

8. All Communications regarding the Transfers, including but not limited to, emails and text messages.

\* \* \* END OF ORDER \* \* \*

***Court's Service List***

All persons entitled to notice of entry of this Order are ECF registered except: n/a