Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:   (415) 421-2624
Fax:    (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

Counsel for Kyle Everett,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED,<br><br>Debtor. | Case No. 20-30819-DM<br><br>Chapter 7<br>Previous Chapter 11<br><br>**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF UNITEDLEX CORPORATION** |

Pursuant to § 327,[1] Bankruptcy Rule 2014, and Bankruptcy Local Rule 2016-1, Kyle Everett (the "Trustee"), the duly appointed Chapter 7 trustee of the bankruptcy estate of Benja Incorporated (the "Debtor"), hereby submits this *Application for Order Authorizing Employment of UnitedLex Corporation* (the "Application"). This Application is supported by the concurrently filed declaration of Ryan S. Reeves ("Reeves Decl.") and its attached exhibits. In further support of the Application, the Trustee states as follows:

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure.

APPLICATION TO EMPLOY UNITEDLEX                                                              1

1. The Debtor filed a voluntary Chapter 11 bankruptcy petition on October 15, 2020. ECF 1. The Court granted a motion by creditor Busey Bank to appoint a Chapter 11 trustee on October 26, 2020. ECF 19, 26. The Trustee was appointed as the Chapter 11 trustee on November 3, 2020. ECF 45.

2. On January 15, 2021, the Trustee moved to convert the case to Chapter 7. ECF 67. On January 29, 2021, the Court converted the case to Chapter 7 and appointed the Trustee as the Chapter 7 trustee. ECF 85, 86.

3. The Debtor was ostensibly an e-commerce advertising startup company founded by Andrew Chapin ("Mr. Chapin") in 2014. ECF 103 at 2. On or about November 23, 2020, Mr. Chapin was arrested and charged in federal court with multiple counts of fraud in connection with a multimillion-dollar scheme to deceive the Debtor's investors and creditors (the "Criminal Case"). ECF 103-1 at ¶ 5. Mr. Chapin pled guilty to multiple charges in the Criminal Case on or about June 16, 2021. *Id.* at ¶ 8.

4. Since his appointment, the Trustee has been investigating the Debtor's prior affairs and transaction. ECF 68 at ¶ 5. The Trustee has been hindered by Mr. Chapin's refusal to provide information that might assist with the investigation of estate claims. *Id.* at ¶ 6. Nevertheless, the Trustee has engaged in many hours of research of the Debtor's financial transactions and documents related to the transactions and has developed a list of transactions that may be avoidable. *Id.* at ¶ 7. The Trustee is pursuing the recipients of funds from the Debtor, has identified targets for avoidance actions and the like, has filed two adversary proceedings, and has reached a mediated settlement with a third target group. *Id.*; Adv. Proc. Nos. 21-03036 (MHC Financial Services, Inc.), 21-03060 (Thomas B. Peters); ECF 103 (motion to approve compromise with Brett T. Buerck and related parties).

5. In connection with two computers obtained from Mr. Chapin, which the Trustee is informed and believe are the Debtor's computers, the Trustee believes that it has become necessary to engage the services of a consultant to manage the electronically stored information ("ESI") obtained by the Trustee in his investigation of estate claims. The Trustee believes that

UnitedLex Corporation ("UnitedLex") is well-qualified to provide the desired ESI consulting services and that employment of UnitedLex is in the best interests of the bankruptcy estate.

6. By way of this Application, the Truste seeks authority to engage UnitedLex to provide ESI-related services including, without limitation: (1) certified collection, restoration, and examination of ESI; (2) forensic consultation related to data collection, data recovery, data decryption, email extractions, and password cracking; (3) coordination and management of preservation and collection requests; (4) data management, tracking, auditing, and storage; (5) data processing; (6) use of the Brainspace advanced data analytics platform; (7) use of the Relativity electronic discovery platform; (8) analytics including the use of technology assisted review tools; and (9) technician, management, and consultant services. A more detailed list of anticipated services is provided in the Addendum of Fees attached to the SOW, as modified by the Amended SOW. *See* Reeves Decl. at Exhibits A, B.

7. Subject to Court approval of UnitedLex's fees on a final basis, Bankruptcy Local Rule 2016-1, and the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California Bankruptcy Court*, the Trustee agrees to compensate UnitedLex on an interim basis as set forth in the SOW. Compensation is based on categories of services as set forth in the Addendum of Fees attached to the SOW, as modified by the Amended SOW. *See id.*

8. Prior to receiving confidential information in this case, if any, UnitedLex shall enter into (1) the *Acknowledgement and Agreement to be Bound* attached as Exhibit A to the *Stipulation and Agreement for Protective Order* that was filed on April 23, 2021, and approved by the Court on April 27, 2021, ECF 92, 93; and (2) the *Acknowledgement and Agreement to be Bound* attached as Exhibit A to the *Stipulation and Agreement for Protective Order* that was filed in adversary proceeding 21-03036 on December 9, 2021, and approved by the Court on December 14, 2021, Adv. Proc. No. 21-03036 ECF 17, 18.

9. Based on the supporting declaration of Ryan S. Reeves, the Trustee believes that UnitedLex does not hold any interest adverse to the estate and is qualified to assist the Trustee.

10. UnitedLex has not received a retainer for its anticipated services. Based on the supporting declaration of Ryan S. Reeves, the Trustee believes that UnitedLex has not agreed to share any compensation to be awarded in this case with any person or entity.

Based on the foregoing, the Trustee requests that the Court enter an order authorizing the employment of UnitedLex as the Trustee's ESI consultant.

Dated February 1, 2022

_____
Kyle Everett,
Chapter 7 Trustee

Dated February 1, 2022

FINESTONE HAYES LLP

*/s/ Ryan A. Witthans*
_____
Ryan A. Witthans
Counsel for Kyle Everett,
Chapter 7 Trustee