# Exhibit A

UnitedLex

# Statement of Work for Q-01066 between the Bankruptcy Estate of Benja Inc. and UnitedLex Corporation

| | |
|---|---|
| **ULX Accounts Receivables** | **Client Billing or AP Contact** |
| Email: Finance.Dept@unitedlex.com | **Name:** Kyle Everett |
| Phone: 913-730-1784 | **Title:** Chapter 7 Trustee of the Bankruptcy Estate of Benja Inc., Case No. 20-30819-DM |
| | **Email:** keverett@DSIConsulting.com |
| | **Phone:** 415-981-2717 |

**Agreement for Services Effective Date:** January 04, 2022

This Agreement for Services ("Agreement") is made as of January 04, 2022 ("Effective Date"), by and between UnitedLex Corporation, with its principal place of business at 6130 Sprint Parkway, Suite 275, Overland Park, KS 66211, ("UnitedLex"), and the Chapter 7 Bankruptcy Estate of Benja Inc. ("Client").

1. **SCOPE OF WORK**

    1.1. <u>Services</u>. UnitedLex will perform the Services described in the Addendum of Services attached to this document. It is understood by the parties that all the Services defined in the Addendum of Services may not, depending on Client's needs, be deployed in every engagement and that the needs of each engagement will define the scope of UnitedLex's Services.

    UnitedLex shall provide or oversee personnel to perform the Services for Client in relation to the matter. UnitedLex personnel shall work under the general direction and supervision of the Client. UnitedLex shall provide status reports to Client on a mutually-agreed periodic basis.

    All changes to the scope of the Services provided under this SOW must be in writing and approved by both parties. Upon Client's request, UnitedLex shall provide a good faith estimate of any additional time or charges associated with any requested change in scope.

    Instructions from Client to UnitedLex to take down data, stop hosting data or to stop performing services must be given in writing to the project manager involved in the matter. UnitedLex shall continue to host data at Client's expense until such an instruction is received. Client acknowledges that UnitedLex may, at its sole discretion, destroy any Client data that remains in its possession or control over two (2) years from the date of last invoice to Client in connection with the project for which the data is associated.

    1.2. <u>Relationship of the Parties</u>. UnitedLex shall be an independent contractor of Client. As between UnitedLex and Client, all persons retained by UnitedLex to perform Services for Client hereunder shall be employees or subcontractors of UnitedLex and shall not be employees of Client.

2. **CLIENT RESPONSIBILITIES**

    2.1. <u>Cooperation and Support</u>. Client shall provide UnitedLex all information, access and support that UnitedLex may reasonably request in the performance of its Services. The timely, complete, and accurate receipt of all such information, access and support is a condition upon UnitedLex's performance of the Services.

3. **FEES AND PAYMENT**

    3.1. <u>Fees and Expenses</u>. The fees to be charged by UnitedLex are detailed in the Addendum of Fees and Services (attached). Subject to the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California Bankruptcy Court (the "Guidelines"), Client shall reimburse UnitedLex for all third party expenses reasonably incurred by UnitedLex and UnitedLex personnel in the course of performing the Services hereunder ("Expenses") in accordance with Client's standard reimbursement policy as provided to UnitedLex, in writing, from time to time.

    The fees for UnitedLex's Services will be charged on the terms and at the rates specified in the attached Fee Addendum provided that a 25% expedition fee may be subject to any Services, except such Services that are subject to the Overtime Rate, requested by the Client to be performed after UnitedLex business hours (Monday

Classified as Confidential-External

through Friday 7:00 AM to 6:00 PM CST). UnitedLex reserves the right to renegotiate per unit Document Review pricing under the following circumstances i) Client changes the review protocol to the extent UnitedLex is required to review documents twice; ii) Client requests more than ten issue codes and sub-issue codes in the review; or iii) a review project is put on hiatus for longer than two weeks.

3.2. Turnaround Times and Service Legal Agreements. Each turnaround time listed in the below table is the required turnaround time for the respective task. Turnaround times will be incorporated into all applicable delivery schedules to ensure all required processes and quality checks can be applied.

| Expected Turnaround Times for Common Tasks | | |
|---|---|---|
| | Description | Duration |
| Data Processing | Run inventory, provide initial filtering, ingest, index, search and promote (additional time will be required for Questio advanced data filtering if applicable) | 3 business days |
| Database Creation/Modification/Loading | Create review database, setup security groups, custom field creation, prepare training materials, QC and load of data sets | 2 business days |
| Review Workflow Setup | Design and setup of review workflow, prepare substantive training materials | 3 business days |
| Document Production | From final handoff by client/counsel to UnitedLex – includes validation, anomaly searches, anomaly resolution, image conversion, load file creation, application of branding, reOCR of redacted images, dual layer QC, production media creation, back load of production data into database | 2 business days |
| Database Closure | Conversion of active hosting database to offline or archival status. Authorized signature on Project Closure Form required to proceed with closure process. | 3 business days |

3.3. Invoices. UnitedLex will invoice Client monthly ("Invoice Period") for the Services furnished and Expenses incurred during immediately preceding the Invoice Period immediate. Invoices for Services rendered on a time-and-materials basis will indicate a breakdown and distribution of charges at the rates specified in the Fee Addendum, and shall comply with the Guidelines, including but not limited to that billing increments shall be in .1 increments (i.e. every six minutes; e.g. a task that takes twelve minutes is .2, a task that takes 18 minutes is .3, and so on). Invoices for Services rendered on a fixed-fee basis will indicate the basis upon which the fees are due and payable (e.g., milestones achieved or dates passing). Subject to the Bankruptcy Court entering an order approving payment of the invoice, Client accepts the obligation to pay UnitedLex invoices. In the event Invoices are sent to an entity based outside the United States, Client agrees to provide the address of an entity within the United States as an alternative party to receive Invoices within sixty (60) days of executing this agreement.

3.4. Taxes. Client shall be responsible for paying any applicable sales, use, excise, value added, withholding, or similar taxes, duties, or assessments imposed upon the Services rendered or products provided hereunder by any federal, state, local, or foreign government authority, exclusive of any taxes based upon UnitedLex's income or payroll. It is not anticipated that there will be any such taxes for Client to pay, as the services are being provided in California, and California does not charge sales tax on the types of services being provided.

3.5. Payments. Undisputed invoice amounts shall be due and payable in U.S. dollars by check payable to UnitedLex or by wire transfer to an account as designated by UnitedLex on the face of the invoice or through automated clearing house ("ACH") within sixty calendar days after the invoice date and shall thereafter accrue interest, until paid, at the lesser of 1.5% per month or the maximum interest rate permitted under applicable law . Such payments, if made on an interim basis as defined by applicable Bankruptcy law, shall be subject to final approval by the bankruptcy court. Client shall submit written notice of reasonably disputed invoice amounts within ten (10) calendar days of the invoice date. Upon receipt of such notice, UnitedLex shall conduct a reasonable investigation into the disputed invoice amounts. The parties shall attempt to informally resolve disputed invoice amounts in good faith.

3.6. Large Document Review Projects. Document review projects that require UnitedLex to utilize fifty (50) or more attorneys shall be billed every two weeks under the same terms listed in Section 3.7, provided that the undisputed invoice amounts shall be due and payable in U.S. dollars within fifteen (15) calendar days after the invoice date. The change described in this Section 3.8 shall be triggered immediately upon a project utilizing fifty (50) or more attorneys, and shall continue until the project utilizes ten (10) or fewer attorneys.

4. **CONFIDENTIALITY**

4.1. Confidential Information. UnitedLex acknowledges that it will be necessary for Client to disclose or make available to UnitedLex information and materials that are confidential or proprietary or contain valuable trade secrets relating to the Client's business ("Confidential Information").

4.2. Non-Disclosure. UnitedLex agrees: (a) to use commercially reasonable efforts to protect the Confidential Information of Client and to use at least the same degree of care with regard thereto as it uses to protect its own Confidential Information of a like nature; and (b) not to disclose or otherwise permit access to the Confidential Information of Client to any third party, unless such disclosures is reasonably required to accomplish the intent of this Agreement.

4.3. Compelled Disclosure. In the event that UnitedLex or any of its directors, officers, partners, or employees is required by deposition, interrogatory, request for documents, subpoena, civil investigative demand, or similar process to disclose any of the Confidential Information of the other party, such compelled party or any such person may disclose only that portion of the Confidential Information of the other party that such party or such person is legally required to disclose. If legally permitted, a party shall first provide notice to the other party of any such process requiring such disclosure upon receipt thereof in order to provide the other party with the opportunity to petition the court or administrative body to prevent such disclosure.

4.4. Exceptions. Information will not be considered to be Confidential Information if it: (a) is already, or otherwise becomes, publicly known by third parties other than as a result of an act or omission of the receiving party; (b) is lawfully received, after disclosure hereunder, from a third party having the right to disseminate the information to the receiving party and without restriction on disclosure; (c) is furnished to others by the disclosing party without restriction on disclosure; or (d) can be shown by the receiving party to have been independently developed by such party without use of or reference to the Confidential Information of the disclosing party.

4.5. Injunctive Relief. The parties agree that any breach by UnitedLex or any of its directors, officers, partners, employees, agents, or representatives of any provisions of this Section 4 may cause immediate and irreparable injury to the other party and that, in the event of such breach, the injured party will be entitled to seek injunctive relief as well as any other legal or equitable remedy available.

5. **REPRESENTATIONS AND WARRANTIES**

5.1. Client's Covenants. Client represents and warrants that is has all rights, titles or interest in the data required for the performance of its obligations under this Agreement and has the authority and legal right to permit UnitedLex to perform the Services described herein and contemplated hereby. Client further represents and warrants that it is duly authorized and able to enter into this agreement.

5.2. UnitedLex Covenants. UnitedLex covenants that a) services will be performed using good industry practice and, b) Services will be performed in accordance with laws applicable to UnitedLex's business.

5.3. EXCEPT AS PROVIDED IN THIS CLAUSE 5, UNITEDLEX MAKES NO OTHER REPRESENTATION OR WARRANTY OF ANY KIND, WHETHER EXPRESS OR IMPLIED, FROM OUR COURSE OF PERFORMANCE OR DEALING, TRADE USAGE, OR OF UNINTERRUPTED OPERATION WITHOUT ERROR, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

5.4. Cloud Services. The Parties acknowledge that UnitedLex may utilize a cloud service provider ("Cloud Services") for the storage access, transfer, and processing of Client's data. UnitedLex shall employ commercially reasonable industry standard security procedures for the transfer, transmission, storage or accessing of Client data

6. **DISCLAIMER AND LIMITATION OF LIABILITY**

UnitedLex

6.1. Disclaimer. UNITEDLEX SHALL HAVE NO LIABILITY WHATSOEVER FOR CONSEQUENTIAL, INDIRECT, EXEMPLARY, INCIDENTAL, OR PUNITIVE DAMAGES OF ANY KIND (INCLUDING, WITHOUT LIMITATION, LOST BUSINESS, REVENUE, OR PROFITS), EVEN IF UNITEDLEX HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6.2. Limitation of Liability. UNITEDLEX'S LIABILITY TO CLIENT FOR ANY REASON AND UPON ANY CAUSE OF ACTION, WHETHER SOUNDING IN TORT, CONTRACT, OR ANY OTHER LEGAL THEORY, SHALL AT ALL TIMES AND IN THE AGGREGATE BE LIMITED TO THE AMOUNT OF THE FEES ACTUALLY PAID BY CLIENT TO UNITEDLEX UNDER THIS STATEMENT OF WORK AND THAT ARE RELATED TO THE CAUSE OF ACTION, PROVIDED THAT SUCH LIABILITY SHALL NOT EXCEED THE TOTAL OF SUCH FEES PAID DURING THE SIX (6) MONTH PERIOD PRECEDING THE EVENT UPON WHICH LIABILITY IS PREDICATED.

7. **TERM AND TERMINATION**

The term of this Agreement shall commence on the Effective Date set forth above and shall continue until terminated as stated herein. Either party may terminate this Agreement by giving written notice to the other party if such other party breaches any material term hereof. Such termination shall be effective sixty (60) calendar days after written notice from the non-breaching party unless the occurrence giving rise to the right of termination has been cured to the reasonable satisfaction of the non-breaching party prior to the expiration of the notice period. Notwithstanding the foregoing, if the cause for termination is a failure to pay, UnitedLex may terminate this Agreement upon ten (10) calendar days' notice and opportunity to cure. Client's obligation to make payment for Services performed by UnitedLex prior to termination shall survive any termination of this Agreement. The enforceability of this Agreement is subject to, and conditioned upon, entry of an order by the Bankruptcy Court approving the employment of UnitedLex.

8. **GENERAL**

8.1. Complete Agreement. This Agreement is the complete and exclusive statement of the agreement of the parties with respect to the subject matter hereof and supersedes and merges all prior proposals, understandings, and agreements, whether oral or written, between the parties with respect to the subject matter hereof. This Agreement may not be modified except by a written instrument executed by authorized representatives of the parties. The pre-printed terms and conditions of any purchase order or other ordering document issued by Client in connection with this Agreement shall not be binding on UnitedLex and shall not be deemed to modify this Agreement.

8.2. No Waiver. No failure to exercise, and no delay in exercising, on the part of either party, any right, power or privilege hereunder will operate as a waiver thereof, nor will any party's exercise of any right, power or privilege hereunder preclude further exercise of the same right or the exercise of any other right hereunder.

8.3. Enforceability. If any part of this Agreement shall be adjudged by any court of competent jurisdiction to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not be affected or impaired thereby and shall be enforced to the maximum extent permitted by applicable law. If any remedy set forth in this Agreement is determined to have failed of its essential purpose, then all other provisions of this Agreement, including the limitations of liability and exclusion of damages, shall remain in full force and effect.

8.4. Force Majeure. Either party shall be excused from performance and shall not be liable for any delay in whole or in part, caused by the occurrence of any contingency beyond the reasonable control either of the excused party or its subcontractors or suppliers. These contingencies include, but are not limited to, war, sabotage, insurrection, riot or other act of civil disobedience, act of public enemy, failure or delay in transportation, act of any government or any agency or subdivision thereof affecting the terms hereof, accident, fire, explosion, flood, severe weather or other act of God, or shortage of labor or fuel or raw materials.

8.5. De-Identified and Aggregated Data. UnitedLex will own all rights in de-identified aggregated and statistical data derived from the provision of the Services under this Agreement, including, but not limited to, the number of records, the number and types of transactions, configurations, and reports processed using the Services, as well as the performance results of the Services ("Aggregated Data"). Nothing in this Agreement shall be construed as prohibiting UnitedLex from collecting, utilizing, transferring, or sharing Aggregated Data for the purposes of enhancing UnitedLex's products and services, internal reporting and other activities related to UnitedLex's business.

8.6. <u>Notices</u>. Any notice required or permitted hereunder to the parties hereto will be deemed to have been duly given only if in writing to the address of the receiving party as set forth on the initial page hereof or such other address as may be specified by such party in a notice delivered to the other party in accordance with this Section and delivered by: (i) certified mail, return receipt requested, postage prepaid; (ii) nationally recognized overnight courier, delivery charges prepaid; or (iii) by hand delivery with signed receipt. Any notice shall be deemed delivered: (a) on the fifth (5th) business day following deposit of such notice with the Postal Service if notice is given in accordance with (i), above; (b) on the second (2nd) business day following deposit of such notice with the courier if notice is given in accordance with (ii), above; or (c) on the date of actual delivery if notice is given in accordance with (iii), above.

8.7. <u>Governing Law, Jurisdiction and Venue</u>. The interpretation and construction of this Agreement, and all matters relating to this Agreement, will be governed by the laws of the State of California, in the United States of America, without giving effect to any conflict of law provisions thereof. Each of the parties agrees that any legal action or proceeding with respect to this Agreement shall be submitted to the Bankruptcy Court for the Northern District of California. Each party to this agreement irrevocably waives their right to a trial by jury of any cause or action, counterclaim or cross-complaint in any action or other proceeding arising out of, or in any way connected with, this agreement or any portion thereof, whether based upon contract, statute, tort, or any other theory of liability. The parties warrant and represent that they have had the opportunity to consult with counsel regarding the meaning and effect of this waiver of the right to a trial by jury.

8.8. <u>Headings and Subsections</u>. Section headings are provided for convenience of reference and do not constitute part of this Agreement. Any references to a particular section of this Agreement shall be deemed to include reference to any and all subsections thereof.

8.9. <u>Co-Terminus Business Relationship</u>. In the event UnitedLex becomes engaged in a Co-Terminus Business Relationship, it shall establish appropriate Client Information Controls to benefit all parties involved. Client Information Controls shall be defined as procedures designed to ensure the integrity, security and confidentiality of all data provided by Client to UnitedLex, as well as to ensure such data is only accessed by individuals engaged in the provision of services to Client. Such procedures include the following: segregation of personnel (including, where appropriate, physical/geographic segregation), asset protection (e.g., configuration of computing devices to prevent unauthorized access/disclosure of Client data), access control (e.g., unique passwords, distribution of access rights only as is necessary to provide services to Client and stringent administration of such rights thereafter), physical file storage (e.g., secure, access-restricted storage of hard copy materials), administrative controls (e.g., non-disclosure agreements and information technology usage policies). Procedures shall be implemented as is appropriate given the facts and circumstances of an individual Co-Terminus Business Relationship. A Co-Terminus Business Relationship shall mean an instance in which UnitedLex is providing litigation support services to parties that are directly adverse to one another in the matter for which UnitedLex is providing litigation support services to both.

8.10. <u>Assignment</u>. Neither party may assign or delegate any or all of its rights (other than the right to receive payments) or its duties or obligations hereunder without the consent of the other party, which consent shall not be unreasonably withheld; provided, however, that either party may assign this Agreement, without the need to obtain consent of the other party, to an Affiliate of such party or to a successor in interest to substantially all of the business of that party to which this Agreement relates. An assignee of either party authorized hereunder shall be bound by the terms of this Agreement and shall have all of the rights and obligations of the assigning party set forth in this Agreement. If any assignee shall fail to agree to be bound by all of the terms and obligations of this Agreement, then such assignment shall be deemed null and void and of no force or effect.

8.11. <u>No Third-Party Benefit</u>. The provisions of this Agreement are for the sole benefit of the parties hereto. This Agreement confers no rights, benefits, or claims upon any person or entity not a party hereto.

SIGNATURE SECTION

By signing this Agreement, the Parties agree to the terms and conditions of this Agreement.

| In re Benja Inc., Case No. 20-30819, U.S. Bankr. Ct., N.D. Cal. | UnitedLex Corporation |
|---|---|
| Signed Authorized Representative | Signed Authorized Representative |
| *[signature]* | *[signature]* |
| Date 1/6/22 | Date: January 6, 2022 |
| Printed name Kyle Everett, Trustee | Printed name: Ryan S. Reeves |
| Title: Chapter 7 Trustee of the Benja Bankruptcy Estate | Title: Chief Client Officer, Litigation |

*[signature]*

Classified as Confidential-External

# Addendum of Fees

**Payment Terms:** Net 30

| Service Item | Unit of Measure | Rate | Description |
|---|---|---|---|
| Certified Collections | Hour | $250.00 | Onsite/remote, collect, restore, examine |
| Forensic Consulting | Hour | $350.00 | Forensic examiner consultation on data collection, data recovery, mobile device, data decryption, email extractions and password cracking |
| Collection Travel Time | Hour | $75.00 | Time spent in the air to client/counsel site (with client approval). |
| Preservation Manager Time | Hour | $175.00 | Time spent coordinating/managing the execution of all preservation and collection requests, including Exiting Employee Examination reports, collection interviews, collection scoping, project communications with client, counsel and project teams, and advising clients on best practices. Includes maintaining client-specific tracking documentation and client reporting |
| CD/DVD | Media | $10.00 | CD/DVD: Media, inventory, bar code tracking, weekly audits, evidence storage, data destruction |
| Thumb Drive | Media | $90.00 | Thumb Drive: Media, inventory, bar code tracking, weekly audits, evidence storage, data destruction |
| HDD - Up to 2 TB | Media | $250.00 | HDD - Up to 2 TB: Media, inventory, bar code tracking, weekly audits, evidence storage, data destruction |
| HDD - Over 2 TB | Media | $350.00 | HDD - Over 2 TB: Media, inventory, bar code tracking, weekly audits, evidence storage, data destruction |
| HDD - Encrypted Up to 2 TB | Media | $350.00 | HDD - Encrypted Up to 2 TB: Media, inventory, bar code tracking, weekly audits, evidence storage, data destruction |
| HDD - Encrypted Over 2 TB | Media | $500.00 | HDD - Encrypted Over 2TB: Media, inventory, bar code tracking, weekly audits, evidence storage, data destruction |

Classified as Confidential-External