Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Kimberly S. Fineman (184433)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
kfineman@fhlawllp.com

Counsel for Chapter 7 Trustee
A. Kyle Everett

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED<br><br>Debtor. | Case No. 20-30819 DM<br><br>Chapter 7<br><br>STIPULATION AND AGREEMENT FOR PROTECTIVE ORDER – BLOCKFI |

This Stipulation and Agreement for Protective Order ("Stipulation and Agreement for Order") shall govern the production, review, disclosure and handling of any Disclosure or Discovery Material (as herein defined) by the Parties (as defined below) in connection with the above-captioned bankruptcy case and any adversary proceedings initiated in connection with it (collectively, the "Bankruptcy Case"), pending before the United States Bankruptcy Court for the Northern District of California (the "Court").

This Stipulation and Agreement for Order is adapted from the model *Stipulated Protective Order for Standard Litigation* provided by the United States District Court for the Northern District of California. It incorporates revisions agreed to by counsel for the Chapter 7 Trustee and BlockFi Inc., a Delaware corporation.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in the Bankruptcy Case are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the Bankruptcy Case may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter an order approving and granting this Stipulation and Agreement for Order. This Stipulation and Agreement for Order applies to all discovery exchanged by the Parties in the Bankruptcy Case, including contested matters and adversary proceedings. The Parties acknowledge that this Stipulation and Agreement for Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 7.4, below, that this Stipulation and Agreement for Order does not entitle them to file confidential information under seal; the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the applicable local rules and procedures, and the individual practice rules of the Court's Judge set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulation and Agreement for Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as incorporated by Federal Rule of Bankruptcy Procedure 7026.

2.3 Designating Party: a Party or Non-Party that designates information or items as "CONFIDENTIAL" pursuant to Section 5.2 below.

2.4 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other

things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Bankruptcy Case.

2.5 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Bankruptcy Case who has been retained by a Party or its counsel to serve as an expert witness or as a consultant.

2.6 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity that is not a Party.

2.7 <u>Outside Counsel</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party in connection with the Bankruptcy Case (as well as their support staff).

2.8 <u>Party</u>: any signatory party below, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.9 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in the Bankruptcy Case.

2.10 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, court reporting, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" pursuant to Section 5.2 below.

2.12 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Agreement for Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Outside Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and

Agreement for Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulation and Agreement for Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4. <u>DURATION</u>

Even after Final Disposition of the Bankruptcy Case, the confidentiality obligations imposed by this Stipulation and Agreement for Order shall remain in effect until a Designating Party agrees otherwise in writing or an order of the Court otherwise directs. "Final Disposition" shall be deemed to be the dismissal, entry of a final decree, or closure of the Bankruptcy Case and the conclusion of all available appeals of such dismissal, final decree, or closure, as applicable. In the event information is initially restricted pursuant to this Stipulation and subsequently lawfully received by a Receiving Party from a separate source or party, such information/document will no longer be subject to the protections of this Stipulation and any order thereon.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Stipulation and Agreement for Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which

protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and Agreement for Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulation and Agreement for Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulation and Agreement for Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulation and Agreement for Order requires:

(a)  for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or Rule 2004 examinations), that the Producing Party or Designating Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  In the case of electronic documents that are not individually paginated (*e.g.*, Excel spreadsheets), the filename shall bear the designation "CONFIDENTIAL," "CONF," or the like as appropriate.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party or Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).  A separate agreement shall be made if any Party or Non-Party is required or otherwise choses to make original documents or materials available for inspection.

(b)  for any testimony given in a deposition or Rule 2004 examination, that the Designating Party designate protected testimony pursuant to Section 5.2(a) above within ten (10) business days of such deposition or examination.  For avoidance of doubt, all deposition or

STIPULATION RE PROTECTIVE ORDER                                         5
Case: 20-30819    Doc# 118    Filed: 09/07/22    Entered: 09/07/22 12:16:03    Page 5 of 15

examination testimony shall be Protected Material until such ten-business-day deadline has passed.

(c) A separate agreement shall be made if any Party or Non-Party is required to produce any non-documentary information or any other tangible items.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and Agreement for Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation and Agreement for Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the applicable proceeding, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulation and Agreement for Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without Court intervention, and if either the Challenging Party or the Designating Party wishes to then seek Court intervention, both the Challenging Party and the Designating Party shall submit a joint letter to the Court, reflecting each party's position, describing adherence to Section 6.2's "meet and confer" requirement, and attaching any relevant information (including documents or declarations), within fourteen (14) days after the conclusion of efforts to meet and confer and the indication in writing by either the Challenging Party or the Designating Party of its intent to seek Court intervention.  The Court expects the Parties to cooperate in the preparation of the joint letter so that each side has adequate time to prepare its own arguments and address its adversary's arguments before submission.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with the Bankruptcy Case.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Agreement for Order.  A Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION) upon Final Disposition.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation and Agreement for Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party (including pursuant to Section 7.3 below), a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel in the Bankruptcy Case, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this case;

(b)  the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for the Bankruptcy Case and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c)  Experts (as defined in this Stipulation and Agreement for Order) of the Receiving Party to whom disclosure is reasonably necessary for the Bankruptcy Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for the Bankruptcy Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  witnesses during their depositions or examinations to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    <u>Disclosure to Parties In Interest Not Covered by Section 7.2</u>.  The following process applies when a Receiving Party wishes to disclose any Protected Material to any party

STIPULATION RE PROTECTIVE ORDER

Case: 20-30819    Doc# 118    Filed: 09/07/22    Entered: 09/07/22 12:16:03    Page 8 of 15

in interest in the Bankruptcy Case who does not fall within the categories of persons or entities identified in Section 7.2 above. In such circumstances:

(a) The Receiving Party shall first provide written notice to the Designating Party of its desire to disclose such Protected Material. Such notice shall specifically identify the Protected Material that the Receiving Party wishes to disclose (*i.e.*, by Bates number), the party in interest to whom disclosure is requested, and the reason(s) for the Receiving Party's desire to make such a disclosure. To avoid ambiguity, the written notice must recite that it is being provided in accordance with this specific paragraph of the Stipulation and Agreement for Order. Within seven (7) days of receipt of such notice, the Designating Party shall inform the Receiving Party in writing whether it agrees or objects to the requested disclosure. The Parties shall thereafter attempt to resolve any dispute over the requested disclosure in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient). A Receiving Party may proceed to the next stage of this process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(b) If the Parties cannot resolve without Court intervention any dispute over whether a requested disclosure can be made, and if either the Receiving Party or the Designating Party wishes to then seek Court intervention, both the Receiving Party and the Designating Party shall submit a joint letter to the Court, reflecting each party's position, describing adherence to Section 7.3(a)'s "meet and confer" requirement, and attaching any relevant information (including documents or declarations), within fourteen (14) days after the conclusion of efforts to meet and confer and the indication in writing by either the Receiving Party or the Designating Party of its intent to seek Court intervention. The Parties shall cooperate in the preparation of the joint letter so that each side has adequate time to prepare its own arguments and address its adversary's arguments before submission to the Court.

(c) All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Designating Party agrees to the requested disclosure or the Court approves the requested disclosure.

7.4 <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in the Bankruptcy Case any Protected Material.  A Party that seeks to file any Protected Material with the Court must file it under seal in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the applicable local rules and procedures, and the individual practice rules of the Court's Judge.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.

7.5 <u>Use of Protected Material in Open Court</u>.  At least three (3) business days prior to the use of any Protected Material at any hearing or trial to be held publicly or in open court, counsel for any Party, except a Designating Party, who wishes to offer or use such Protected Material therein shall meet and confer in good faith with the Designating Party, and with any other Parties or Non-Parties who have expressed interest in participating in such meet and confer, to discuss the redaction of the Protected Material such that it may be offered or otherwise used by the Party.  If the Parties are unable to resolve a dispute related to such Protected Material, then the Party who desires to offer or use such Protected Material at any hearing or trial to be held publicly or in open court bears the burden of requesting relief from the Court, such as, without limitation, sealing at least a portion of the hearing or trial.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Bankruptcy Case as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and Agreement for Order. Such notification shall include a copy of this Stipulation and Agreement for Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this case as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Party to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THE BANKRUPTCY CASE</u>

(a) The terms of this Stipulation and Agreement for Order are applicable to information produced by a Non-Party in the Bankruptcy Case and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with the Bankruptcy Case is protected by the remedies and relief provided by this Stipulation and Agreement for Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Stipulation and Agreement for Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from the Court within fourteen (14) days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in the Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Agreement for Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Agreement for Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Disclosure of Protected Material other than in accordance with the terms of this Stipulation and Agreement for Order may subject the Party, individual, or entity responsible for such disclosure to sanctions and remedies as the Court deems appropriate, including (as the Court deems appropriate) reasonable legal fees to remedy the unauthorized disclosure and monetary and non-monetary sanctions sufficient to discourage any future breaches.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Stipulation and Agreement for Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Agreement for Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation and Agreement for Order.

13. FINAL DISPOSITION

Within sixty (60) days after the Final Disposition, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED.

Dated: September 7, 2022

FINESTONE HAYES LLP

By: */s/ Kimberly S. Fineman*
    Kimberly S. Fineman
    Attorneys for Chapter 7 Trustee,
    A. Kyle Everett

Dated: September 7, 2022

HAYNES AND BOONE LLP

By: /s/ David Staab
    David Staab
    Attorneys for BlockFi Inc.

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in their entirety and understand: (a) the Stipulation and Agreement for Protective Order (the "Stipulation") that was filed in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court") on _____ [date] in the bankruptcy case captioned *In re Benja Incorporated*, Case No. 20-30819 DM (the "Bankruptcy Case"), Docket Number \_\_\_; and the Order Granting Stipulation for Protective Order (the "Order") that was issued by the Bankruptcy Court on _____ [date] in the Bankruptcy Case, Docket Number \_\_\_. I agree to comply with and to be bound by all the terms of the Stipulation and Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Order to any person or entity except in strict compliance with the provisions of the Stipulation and Order.

I further agree to submit to the jurisdiction of the Bankruptcy Court for the purpose of enforcing the terms of the Stipulation and Order, even if such enforcement proceedings occur after Final Disposition (as defined in the Stipulation).

Date: _____

Printed name: _____

Signature: _____