Stephen D. Finestone (SBN 125675)
Jennifer C. Hayes (SBN 197252)
Ryan A. Witthans (SBN 301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:  (415) 421-2624
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Kyle Everett,
Trustee in Bankruptcy

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re BENJA INCORPORATED,<br><br>　　　　Debtor. | Case No. 20-30819-DM<br>Chapter 7<br><br>**STIPULATION FOR ENTRY OF ORDER RE TOLLING AGREEMENT (JOMBOY CORP.)**<br><br><u>Hearing</u>: *None requested.* |

This *Stipulation for Entry of Order re Tolling Agreement* (the "Stipulation") is entered into by and between Kyle Everett (the "Trustee"), the duly appointed Chapter 7[1] trustee in the above-captioned bankruptcy case, and Jomboy Corp. (the "Potential Litigant," and together with the Trustee, the "Parties"). In support of this Stipulation, the Parties state as follows:

**RECITALS**

A. On October 15, 2020, Benja Incorporated (the "Debtor") commenced the above-captioned bankruptcy case under Chapter 11. ECF 1. The Trustee was appointed as the Chapter

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Civil Rule" references are to the Federal Rules of Civil Procedure and "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. "ECF" references are to the docket in this proceeding.

TOLLING AGREEMENT (JOMBOY CORP.) 　　　　　　　　　　　　　　　　　　　　　　　　　1

11 trustee on November 3, 2020. ECF 45. The case was subsequently converted to Chapter 7 on January 29, 2021, and the Trustee was appointed as the Chapter 7 trustee. ECF 85, 88.

B. The estate may have claims against the Potential Litigant, including but not limited to claims related to transfers of certain interests in property of the Debtor to or for the benefit of the Potential Litigant (the "Transfers").

C. The Trustee is investigating the estate's possible claims for relief against the Potential Litigant, including but not limited to avoidance and recovery of the Transfers pursuant to Chapter 5 of the Bankruptcy Code.

D. The current § 546(a) deadline to commence an action against the Potential Litigant is October 17, 2022. *See* § 348(a); Bankruptcy Rule 9006(a)(1).

E. The Parties believe that an extension of applicable deadline(s) for the Trustee to file claims for relief, if any, against the Potential Litigant would benefit both Parties.

F. This Court has jurisdiction to extend applicable statutes of limitation, including the deadline set forth in § 546(a). *Official Creditors' Comm. for Qmect, Inc. v. Electrochem Funding, LLC (In re Qmect, Inc.)*, 349 B.R. 620, 624-25 (Bankr. N.D. Cal. 2006) (citing 140 Cong. Rec. H. 10752, H10768 (daily ed. Oct. 4, 1994) for the proposition that "[t]he time limits set forth therein are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the action or proceeding.").

G. The Parties desire to extend all applicable statutes of limitation, including but not limited to the § 546(a) deadline, by approximately six months, to April 17, 2023.

**STIPULATION**

1. The above recitals are incorporated by reference.

2. This Stipulation shall be effective upon its filing with the Bankruptcy Court (the "Effective Date").

3. In any action or proceeding brought by the Trustee on behalf of the estate against the Potential Litigant, the period from the Effective Date through and including April 17, 2023,

TOLLING AGREEMENT (JOMBOY CORP.) 2

47114-00009/4529569.2
Case: 20-30819    Doc# 135    Filed: 10/05/22    Entered: 10/05/22 11:24:23    Page 2 of 4

shall not be included in determining the applicability of any statute of limitations, laches, or any other defense based on the lapse of time.

4. To the extent that any applicable statute of limitations expires on or about October 17, 2022, it shall be extended through and including April 17, 2023.

5. This Stipulation is without prejudice to further extensions of applicable statutes of limitation by stipulation, order of the Court, or otherwise.

6. This Stipulation shall extend the statutes of limitation available to both Parties during the term of this Stipulation, including statutes of limitation that apply to any defense available to the Parties.

7. This Stipulation shall not operate as an admission of liability by either of the Parties.

8. This Stipulation shall not operate as waiver and/or reinstatement of any statute of limitations heretofore expired.

9. This Stipulation shall not operate to limit any right or remedy available to the Trustee or the Debtor's estate, or to waive any theory by which the Debtor's estate may be entitled to recover on the estate's claims.

10. The Parties represent and warrant that all legal action necessary for the effectuation and execution of this Stipulation has been validly undertaken and that the individuals whose signatures appears below are duly authorized to execute this Stipulation.

11. This Stipulation may be executed in counterparts with the same force and effect as if executed in one complete document by all signatories thereto. Electronic signatures are sufficient to bind the Parties.

12. The Trustee agrees to lodge an order approving the terms and conditions of this Stipulation.

[signature page follows]

TOLLING AGREEMENT (JOMBOY CORP.) 3

**IT IS SO STIPULATED.**

Dated: October 5, 2022_____

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

_____
Keith Patrick Banner
Attorneys for Jomboy Corp.

Dated October 5, 2022

FINESTONE HAYES LLP

*/s/ Jennifer C. Hayes*
Jennifer C. Hayes
Attorneys for Kyle Everett,
Trustee in Bankruptcy

TOLLING AGREEMENT (JOMBOY CORP.) 4