Stephen D. Finestone (SBN 125675)
Jennifer C. Hayes (SBN 197252)
Ryan A. Witthans (SBN 301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:　(415) 421-2624
Fax:　(415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Kyle Everett,
Trustee in Bankruptcy

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re BENJA INCORPORATED,<br><br>　　　　Debtor. | Case No. 20-30819-DM<br>Chapter 7<br><br>**STIPULATION FOR ENTRY OF ORDER RE TOLLING AGREEMENT (SCOTT SKLAR AND 2007 SKLAR FAMILY TRUST)**<br><br><u>Hearing:</u> *None requested.* |

  This *Stipulation for Entry of Order re Tolling Agreement* (the "Stipulation") is entered into by and between Kyle Everett (the "Trustee"), the duly appointed Chapter 7[1] trustee in the above-captioned bankruptcy case, and Scott Sklar and the 2007 Sklar Family Trust (together, the "Potential Litigants," and together with the Trustee, the "Parties"). In support of this Stipulation, the Parties state as follows:

## RECITALS

  A. On October 15, 2020, Benja Incorporated (the "Debtor") commenced the above-

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Civil Rule" references are to the Federal Rules of Civil Procedure and "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. "ECF" references are to the docket in this proceeding.

TOLLING AGREEMENT (SCOTT SKLAR AND 2007 SKLAR FAMILY TRUST)  1

captioned bankruptcy case under Chapter 11. ECF 1. The Trustee was appointed as the Chapter 11 trustee on November 3, 2020. ECF 45. The case was subsequently converted to Chapter 7 on January 29, 2021, and the Trustee was appointed as the Chapter 7 trustee. ECF 85, 88.

B. The Trustee is investigating the estate's possible claims for relief against the Potential Litigants, including but not limited to avoidance and recovery of the Transfers pursuant to Chapter 5 of the Bankruptcy Code.

C. The current § 546(a) deadline to commence an action against the Potential Litigants is October 17, 2022. *See* § 348(a); Bankruptcy Rule 9006(a)(1).

D. The Parties believe that an extension of applicable deadline(s) for the Trustee to file claims for relief, if any, against the Potential Litigants would benefit both Parties.

E. After the Trustee made his request for a tolling agreement, the Parties engaged in discussions regarding a simultaneous exchange of documents, as part of this tolling agreement. The Parties then agreed, as part of any tolling agreement to the following: on or before October 28, 2022, the Parties shall simultaneously exchange documents. The Trustee shall produce to the Potential Litigants the documents already produced by the Trustee to MHC Financial Services, totaling approximately 352,805 pages, and the Potential Litigants shall broadly produce to the Trustee any and all documents or communications (including electronic) (a) with, to, from or referencing Benja, Andrew Chapin, Jomboy, EPHE or any officers, directors, employees or affiliates of any of the foregoing (collectively, "Entities"), including but not limited to communications with, from, to or referencing MHC; Empowerment; Busey Bank; Nick Foppe; employees, officers, directors, vendors, contractors, agents, investors, potential investors, attorneys or representatives of any of the Entities; and corporate minutes, bylaws, articles, resolutions or actions; or (b) obtained by the Potential Litigants from any party, non-party, creditor, or debtor concerning the Entities, or any officers, directors, employees, or affiliates thereof.

F. This Court has jurisdiction to extend applicable statutes of limitation, including the deadline set forth in § 546(a). *Official Creditors' Comm. for Qmect, Inc. v. Electrochem Funding, LLC (In re Qmect, Inc.)*, 349 B.R. 620, 624-25 (Bankr. N.D. Cal. 2006) (citing 140

TOLLING AGREEMENT (SCOTT SKLAR AND 2007 SKLAR FAMILY TRUST) 2

Cong. Rec. H. 10752, H10768 (daily ed. Oct. 4, 1994) for the proposition that "[t]he time limits set forth therein are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the action or proceeding.").

      G.      The Parties desire to extend all applicable statutes of limitation, including but not limited to the § 546(a) deadline, to December 28, 2022.

## STIPULATION

1. The above recitals are incorporated by reference.

2. This Stipulation shall be effective upon its filing with the Bankruptcy Court (the "Effective Date").

3. In any action or proceeding brought by the Trustee on behalf of the estate against the Potential Litigants, the period from the Effective Date through and including December 28, 2022, shall not be included in determining the applicability of any statute of limitations, laches, or any other defense based on the lapse of time.

4. To the extent that any applicable statute of limitations expires on or about October 17, 2022, it shall be extended through and including December 28, 2022.

5. Subject to the provisions of paragraph 6 below, on or before October 28, 2022, the parties shall simultaneously (on the same day) exchange documents as follows: The Trustee shall produce to the Potential Litigants the documents already produced by the Trustee to MHC Financial Services, totaling approximately 352,805 pages, and the Potential Litigants shall broadly produce to the Trustee any and all documents or communications (including electronic) (a) with, to, from or referencing Benja, Andrew Chapin, Jomboy, EPHE or any officers, directors, employees or affiliates of any of the foregoing (collectively, "Entities"), including but not limited to communications with, from, to or referencing MHC; Empowerment; Busey Bank; Nick Foppe; employees, officers, directors, vendors, contractors, agents, investors, potential investors, attorneys or representatives of any of the Entities; and corporate minutes, bylaws, articles, resolutions or actions; or (b) obtained by the Potential Litigants from any party, non-party, creditor, or debtor concerning the Entities, or any officers, directors, employees, or affiliates thereof.

6. Nothing herein shall require any of the Parties to produce documents protected as confidential or privileged by applicable rules concerning attorney-client communications or attorney work-product (collectively, "Privileged Documents"). If either the Trustee or the Potential Litigants produces or otherwise discloses Privileged Documents, whether inadvertently or not, the disclosure of said Privileged Documents shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection.

7. This Stipulation is without prejudice to further extensions of applicable statutes of limitation by stipulation among the parties hereto.

8. This Stipulation shall extend the statutes of limitation available to both Parties during the term of this Stipulation, including statutes of limitation that apply to any defense available to the Parties.

9. This Stipulation shall not operate as an admission of liability by any of the Parties.

10. This Stipulation shall not (a) operate to limit any right or remedy available to the Trustee or the Debtor's estate, or to waive any theory by which the Debtor's estate may be entitled to recover on the estate's claims; or (b) operate to limit any right or remedy available to the Potential Litigants, or to waive any theory by which the Potential Litigants may defend against claims asserted by the Trustee, or by which the Potential Litigants may assert claims against the Trustee or the Debtor's estate.

11. The Parties represent and warrant that all legal action necessary for the effectuation and execution of this Stipulation has been validly undertaken and that the individuals whose signatures appears below are duly authorized to execute this Stipulation.

12. This Stipulation may be executed in counterparts with the same force and effect as if executed in one complete document by all signatories thereto. Electronic signatures are sufficient to bind the Parties.

13. The Trustee agrees to lodge an order approving the terms and conditions of this Stipulation.

**IT IS SO STIPULATED.**

TOLLING AGREEMENT (SCOTT SKLAR AND 2007 SKLAR FAMILY TRUST) 4

| | |
|---|---|
| Dated: October 13, 2022 | MEYERS LAW GROUP, P.C.<br><br>*/s/ Merle C. Meyers*<br>Merle C. Meyers, Esq.<br>Attorneys for Scott Sklar and the 2007 Sklar Family Trust |

Dated October 13, 2022

FINESTONE HAYES LLP

*/s/ Jennifer C. Hayes*
Jennifer C. Hayes
Attorneys for Kyle Everett,
Trustee in Bankruptcy

TOLLING AGREEMENT (SCOTT SKLAR AND 2007 SKLAR FAMILY TRUST) 5