Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Kimberly S. Fineman (184433)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 616-0466
Fax (415) 398-2820
jhayes@fhlawllp.com

Attorneys for Chapter 7 Trustee
Kyle Everett

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED,<br><br>    Debtor. | Case No. 20-30819-DM<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH THOMAS PETERS**<br><br>[No Hearing Unless Requested; Notice and Opportunity for Hearing Filed Pursuant to B.L.R. 9014-1(b)(3)] |

Kyle Everett, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Benja Incorporated (the "Debtor"), hereby moves (the "Motion"), pursuant to section 105(a), Bankruptcy Rule 9019(a), and B.L.R. 9014-1(b)(3) [1] for entry of an order approving the settlement agreement (the "Settlement Agreement") reached between the Trustee and Thomas B. Peters ("Mr. Peters"). The Settlement Agreement resolves avoidable transfer claims held by the

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California. "ECF" references are to the docket in the above-captioned bankruptcy case.

MOTION TO APPROVE COMPROMISE     1

Estate and asserted by the Trustee against Mr. Peters (the "Avoidance Claims") in return for payments totaling $160,000 (the "Settlement Payments"), according to the following repayment schedule: (a) $15,000 to be paid within 15 days after the entry of an order approving the settlement; (b) $15,000 to be paid by no later than June 30, 2023; and (c) $130,000 to be paid by no later than July 31, 2024. The settlement agreement also calls for financial reporting obligations by Mr. Peters to the Trustee, the waiver of any claims by Mr. Peters against the Estate, as well as a mutual release of claims by and between the Estate and Mr. Peters. The Motion is supported by the points and authorities set forth below, the concurrently filed Notice and Opportunity for Hearing, the supporting Declaration of Kyle Everett (the "Everett Declaration"), and the related proof of service.

## I. BACKGROUND

The Debtor was ostensibly an e-commerce advertising startup founded by Andrew Chapin ("Mr. Chapin") in 2014. Plaintiff is informed and believes that Peters was an investor in Benja pursuant to a Simple Agreement for Future Equity (the "2019 SAFE") entered into on or about December 16, 2019, in the amount of $50,000 for the right to certain shares of Benja's capital stock. On or about September 14, 2020, Benja entered into a Simple Agreement for Future Equity (the "2020 SAFE") with Peters, pursuant to which Peters purchased the right to certain shares of Benja's capital stock for $500,000. Plaintiff is informed and believes that on or about September 18, 2020, Peters made a wire transfer to Benja in the amount of $250,000 pursuant to the 2020 SAFE. In a text message sent on September 17, 2020, Defendant explained that he would send the balance of the $500,000 investment after he converted other securities to cash.

On September 22, 2020, Chapin e-mailed Defendant the following: "Given how much has changed in a material way, we will offer an opportunity to un-wind your [2020] SAFE agreement, repurchasing for the full value that has been sent ($250,000.00)."

The Trustee is informed and believes that Chapin personally went to the bank (Chase Bank) and caused Benja to transfer the sum of $250,000 and additional amounts to Chapin's personal account at JPMorgan Chase Bank, N.A., on or about September 25, 2020, and then

immediately wired $250,000 from Chapin's account to Defendant's account at US Bank/RBC Capital Markets (the "Transfer").

Benja filed a voluntary Chapter 11 case on October 15, 2020 (the "Bankruptcy Case") in the Bankruptcy Court for the Northern District of California ("Bankruptcy Court"), Case No. 20-30819 (the "Bankruptcy Estate"). The Bankruptcy Court granted a motion by creditor Busey Bank to appoint a Chapter 11 trustee in the Bankruptcy Case on October 26, 2020. Kyle Everett was appointed as the Chapter 11 Trustee in the Bankruptcy Case on November 3, 2020.

On January 15, 2021, the Trustee moved to convert the case to Chapter 7. An order converting the bankruptcy case to Chapter 7 was entered on January 29, 2021. Mr. Everett was appointed as Chapter 7 Trustee.

On November 13, 2021, the Trustee filed an adversary proceeding complaint against Mr. Peters, Adv. Proc. No. 21-03060 (the "Adversary Proceeding"). On March 7, 2022, the Trustee filed an amended complaint (the "Amended Complaint") seeking to avoid and recover the Transfer. Through the Amended Complaint, the Trustee asserts that the Transfer is recoverable as preferential and fraudulent transfers pursuant to Sections 547 and 548. On March 30, 2022, Mr. Peters filed an answer to the Amended Complaint, denying the Trustee's allegations.

The Parties have since reached a settlement. An authentic copy of the Settlement Agreement, dated January 31, 2023, is attached as **Exhibit A** to the Everett Declaration.

## II. SETTLEMENT AGREEMENT TERMS

As set forth more fully in the Settlement Agreement,[2] the key terms of the settlement between the Trustee and Mr. Peters, which is conditioned upon this Court's approval, are as follows:

- **Settlement Payments**. Mr. Peters will pay to the Trustee the total sum of $160,000 according to the following schedule: (a) $15,000 within 15 days after the entry of the Order; (b) $15,000 by no later than June 30, 2023; and (c) $130,000 by no later than July 31, 2024. The Settlement Payments shall be made by check payable to "Kyle Everett, Chapter 7 Trustee for Benja Incorporated" and shall be delivered to Finestone Hayes LLP, located at 456

---

[2] If there is a discrepancy between this Motion and the Settlement Agreement, the Settlement Agreement shall control.

Montgomery Street, 20th Floor, San Francisco, California 94104, or such other address as the Trustee may designate in writing. Upon receipt of the Settlement Payments (i.e. $160,000) the Trustee and Mr. Peters shall file in the Adversary Proceeding a stipulated request to dismiss the Adversary Proceeding with prejudice, with each Party to bear its own fees and costs.

- **Reporting Requirements**. Until Mr. Peters has fully satisfied his obligations under this Agreement, Mr. Peters shall file his federal and state tax returns by the deadline or extended deadline for doing so and, within ten days of filing, shall provide to the Trustee unredacted, signed copies of such tax returns (together, the "Tax Returns"). The Tax Returns shall be delivered to the Trustee by electronic copy (keveretti@dsiconsulting.com) or by delivery to the Trustee at Development Specialists, Inc., 150 Post Street, Suite 400, San Francisco, CA 94108. In addition to the Tax Returns, Mr. Peters shall provide a personal financial statement (the "Financial Statement") within 45 days after the conclusion of every year, beginning with the year ending on December 31, 2022 and continuing until the Settlement Payments are completed. The Financial Statements shall be signed by Mr. Peters under penalty of perjury. The Trustee shall keep the information provided in connection with these Reporting Requirements and shall not disclose them except if required in order to fulfill his duties as a trustee or in response to an Order of a Court.

- **Default**. Upon default of any payment due under this Agreement (a "Payment Default"), the Trustee shall provide Mr. Peters notice of such default, via an email to Peters at tbp8000@gmail.com and to Mr. Peters' counsel, Michael St. James at Michael@stjames-law.com. If the Payment Default is not fully cured within fifteen calendar days of delivery of the notice of default, the Trustee may obtain a judgment in the Adversary Proceeding in the sum of $250,000 plus interest accrued from the Execution Date at the federal judgment rate, less credit for any payments made prior to default, by lodging a proposed judgment along with a declaration by the Trustee or his counsel establishing the uncured default and the amount of the judgment.

- **No Claim Against the Bankruptcy Estate**. Mr. Peters waives any claim against the Estate.

- **Mutual Release**. The Estate and Mr. Peters mutually release each other from all claims and obligation except those under the Settlement Agreement.

- **No admission of liability**. Nothing in the Settlement Agreement shall constitute or be construed as an admission of liability on behalf of the Trustee or Mr. Peters.

### III. LEGAL ARGUMENT

By this Motion, the Trustee seeks approval of the Settlement Agreement pursuant to Bankruptcy Code § 105(a), B.L.R. 9014-1(b)(3), and Bankruptcy Rule 9019(a), which provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.

"The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986); *cert. den. sub nom Martin v. Robinson*, 479 U.S. 854 (1986). The bankruptcy court has great latitude in approving compromise agreements. *Woodson v. Fireman's Fund Insurance Co.* (*In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). However, the court's discretion is not unlimited. The court may approve a compromise only if it is "fair and equitable." *A & C Properties* at 1381. In approving a proposed compromise in bankruptcy proceedings, the court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1381 (citations omitted).

"It is not necessary to satisfy each of these factors provided that the factors as a whole favor approving the settlement." *In re Pacific Gas & Elec. Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004). The Court's role in considering a proposed compromise is "to canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Id.* at 417 citing *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496-97 (Bankr. S.D.N.Y. 1991). Although the Trustee bears the burden of persuasion, "a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter." *Goodwin v. Mickey Thompson Entm't. Group, Inc.* (*In re Mickey Thompson Entm't Group, Inc.),* 292 B.R. 415, 420 (9th Cir. BAP 2003).

For the reasons stated below, the Trustee believes in his reasonable business judgment that the Settlement Agreement fulfills the *A & C Properties* factors. Everett Declaration at ¶5.

**A. Probability of Success**

The Trustee's probability of establishing liability on his claims against Mr. Peters is high, and thus this factor does not favor approval of the Settlement Agreement. The evidence strongly

supports the avoidance of the entirety of the $250,000 transfer from Benja to Mr. Peters, which was within the 90-day preference period, and which enabled Mr. Peters to receive more than he would otherwise. The Trustee asserts that, because Mr. Peters' preference liability is clear, the Trustee would win on summary judgment on the Estate's preference claim, and thus, would not need to incur the expense of establishing the Estate's fraudulent transfer claims. Because the probability of success is high this factor does not favor approval of the Settlement Agreement. Everett Declaration at ¶6.

### B. Difficulty of Collection

The difficulty of collection element, on the other hand, weighs strongly in favor of approval of the Settlement Agreement. Mr. Peters has provided evidence in support of a likely inability to pay a $250,000 judgment against him. Mr. Peters provided various financial statements, indicating significant financial problems, including large debts to creditors who have priority over the Trustee's claims. For this reason, the Trustee anticipates he would have significant difficulties in collecting from Mr. Peters, who appears to be unlikely to a pay a $250,000 judgment, except possibly out of future wages, which may be garnished by one or more creditors. Everett Declaration at ¶7.

### C. Complexity of Litigation, Expense, Inconvenience, and Delay

This factor also strongly favors approval of the Settlement Agreement. Although the litigation is not complex, the Trustee estimates that it would require no less than $50,000 in attorneys' fees and costs to reach a judgment against Mr. Peters on account of the Estate's preference claim. The Estate would then have to incur additional fees and costs to pursue collection against Mr. Peters. For the reasons set forth above, it is highly unlikely that the Estate would recover much, if any, of the full $250,000 represented by the Transfer. In addition, any recovery would come at a material expense, inconvenience, and delay to the Estate. Everett Declaration at ¶8.

### D. Paramount Interest of Creditors

Finally, the paramount interest of creditors strongly favors settlement. The Settlement Payments represent a significant recovery on account of the Avoidance Claims—approximately

64%—without incurring the additional fees and costs to the Estate if these claims were to be litigated and the high risk that a judgment would be uncollectible. *Id.* at ¶9. The Trustee has explained the terms of the settlement to the large creditors in the case, including an explanation of the collection issues noted above. The Trustee believes that these creditors are in support of the proposed settlement.

In summary, the Trustee submits the Settlement Agreement is fair and equitable, within the range of reasonableness, and, in the Trustee's reasonable business judgment, in the best interest of the Estate. *Id.* at ¶10.

### IV. WAIVER OF RULE 6004(h) AND RELATED STAY PROVISIONS

The Trustee requests that the order approving compromise provide: "This Order is effective upon entry, and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply." The Settlement Agreement provides for wavier of these stay provisions.

### V. CONCLUSION

For the reasons stated above, the Trustee requests entry of an order granting his Motion and approving the Settlement Agreement, which is attached as **Exhibit A** to the concurrently filed and supporting Everett Declaration.

Dated: February 3, 2023            **FINESTONE HAYES LLP**

By: *Jennifer C. Hayes*
Jennifer C. Hayes, on behalf of Kyle Everett, solely in his capacity as Chapter 7 Trustee of the Benja bankruptcy estate

MOTION TO APPROVE COMPROMISE    7
Case: 20-30819   Doc# 145   Filed: 02/03/23   Entered: 02/03/23 15:54:01   Page 7 of 7