**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED,<br><br>    Debtor. | Case No. 20-30819 DM<br>Chapter 7<br><br>**NOTICE AND OPPORTUNITY FOR HEARING ON CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH THOMAS PETERS**<br><br>[No Hearing Unless Requested; Filed Pursuant to B.L.R. 9014-1(b)(3)] |

**TO THE DEBTOR, CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Kyle Everett, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Benja Incorporated (the "Debtor"), has filed a Motion to Approve Compromise of Controversy with Thomas Peters (ECF 145, the "Motion"), pursuant to Bankruptcy Code section 105, Bankruptcy Rule 9019(a), and Local Bankruptcy Rule 9014-1(b)(3). The Motion requests entry of an order approving the settlement agreement (the "Settlement Agreement") reached between the Trustee and Thomas B. Peters ("Mr. Peters"). This notice summarizes the dispute, the terms of the proposed compromise, and the procedure for filing an objection, if any.

The Settlement Agreement resolves avoidable transfer claims held by the Estate and asserted by the Trustee against Mr. Peters (the "Avoidance Claims") in return for payments totaling $160,000 (the "Settlement Payments"), according to the following repayment schedule: (a) $15,000 to be paid within 15 days after the entry of an order approving the settlement; (b) $15,000 to be paid by no later than June 30, 2023; and (c) $130,000 to be paid by no later than July 31, 2024. The settlement agreement also calls for financial reporting obligations by Mr. Peters to the Trustee, the waiver of any claims by Mr. Peters against the Estate, as well as a mutual release of claims by and between the Estate and Mr. Peters. The Motion is supported by the points and authorities set forth below, the concurrently filed Notice and Opportunity for Hearing, the supporting Declaration of Kyle Everett (the "Everett Declaration"), and the related proof of service. Anyone who would like a copy of the Motion and/or the Everett Declaration should contact Jennifer C. Hayes to request a copy: (415) 616-0466; jhayes@fhlawllp.com.

**BACKGROUND**

The Debtor was ostensibly an e-commerce advertising startup founded by Andrew Chapin ("Mr. Chapin") in 2014. Plaintiff is informed and believes that Peters was an investor in Benja pursuant to a Simple Agreement for Future Equity (the "2019 SAFE") entered into on or about December 16, 2019, in the amount of $50,000 for the right to certain shares of Benja's capital stock. On or about September 14, 2020, Benja entered into a Simple Agreement for Future Equity (the "2020 SAFE") with Peters, pursuant to which Peters purchased the right to certain shares of Benja's capital stock for $500,000. Plaintiff is informed and believes that on or about September 18, 2020, Peters made a wire transfer to Benja in the amount of $250,000 pursuant to the 2020 SAFE. In a text message sent on September 17, 2020, Defendant explained that he would send the balance of the $500,000 investment after he converted other securities to cash. On September 22, 2020, Chapin e-mailed Defendant the

-1-

following: "Given how much has changed in a material way, we will offer an opportunity to un-wind your [2020] SAFE agreement, repurchasing for the full value that has been sent ($250,000.00)." The Trustee is informed and believes that Chapin personally went to the bank (Chase Bank) and caused Benja to transfer the sum of $250,000 and additional amounts to Chapin's personal account at JPMorgan Chase Bank, N.A., on or about September 25, 2020, and then immediately wired $250,000 from Chapin's account to Defendant's account at US Bank/RBC Capital Markets (the "Transfer").

Benja filed a voluntary Chapter 11 case on October 15, 2020 (the "Bankruptcy Case") in the Bankruptcy Court for the Northern District of California ("Bankruptcy Court"), Case No. 20-30819 (the "Bankruptcy Estate"). The Bankruptcy Court granted a motion by creditor Busey Bank to appoint a Chapter 11 trustee in the Bankruptcy Case on October 26, 2020. Kyle Everett was appointed as the Chapter 11 Trustee in the Bankruptcy Case on November 3, 2020. On January 15, 2021, the Trustee moved to convert the case to Chapter 7. An order converting the bankruptcy case to Chapter 7 was entered on January 29, 2021. Mr. Everett was appointed as Chapter 7 Trustee.

On November 13, 2021, the Trustee filed an adversary proceeding complaint against Mr. Peters, Adv. Proc. No. 21-03060 (the "Adversary Proceeding"). On March 7, 2022, the Trustee filed an amended complaint (the "Amended Complaint") seeking to avoid and recover the Transfer. Through the Amended Complaint, the Trustee asserts that the Transfer is recoverable as preferential and fraudulent transfers pursuant to Sections 547 and 548. On March 30, 2022, Mr. Peters filed an answer to the Amended Complaint, denying the Trustee's allegations. As set forth above, the Parties have since reached a settlement. An authentic copy of the Settlement Agreement, dated January 31, 2023, is attached as **Exhibit A** to the Everett Declaration.

## SETTLEMENT

The key terms of the settlement between the Trustee and Mr. Peters, which is conditioned upon this Court's approval, are as follows: [1]

- **Settlement Payments**. Mr. Peters will pay to the Trustee the total sum of $160,000 according to the following schedule: (a) $15,000 within 15 days after the entry of the Order; (b) $15,000 by no later than June 30, 2023; and (c) $130,000 by no later than July 31, 2024. Upon receipt of the Settlement Payments (i.e. $160,000) the Trustee and Mr. Peters shall file in the Adversary Proceeding a stipulated request to dismiss the Adversary Proceeding with prejudice, with each Party to bear its own fees and costs.

- **Reporting Requirements**. Until Mr. Peters has fully satisfied his obligations under this Agreement, Mr. Peters shall file his federal and state tax returns by the deadline or extended deadline for doing so and, within ten days of filing, shall provide to the Trustee unredacted, signed copies of such tax returns (together, the "Tax Returns"). In addition to the Tax Returns, Mr. Peters shall provide a personal financial statement (the "Financial Statement") within 45 days after the conclusion of every year, beginning with the year ending on December 31, 2022 and continuing until the Settlement Payments are completed. The Financial Statements shall be signed by Mr. Peters under penalty of perjury. The Trustee shall keep the information provided in connection with these Reporting Requirements and shall not disclose them except if required in order to fulfill his duties as a trustee or in response to an Order of a Court.

- **Default**. Upon default of any payment due under this Agreement (a "Payment Default"), the Trustee shall provide Mr. Peters notice of such default. If the Payment Default is not fully cured within fifteen calendar days of delivery of the notice of default, the Trustee may obtain

---

[1] If there is a discrepancy between the Notice or Motion and the Settlement Agreement, the Settlement Agreement shall control.

Case: 20-30819    Doc# 146    Filed: 02/03/23    Entered: 02/03/23 15:55:43    Page 2 of 4

a judgment in the Adversary Proceeding in the sum of $250,000 plus interest accrued from the Execution Date at the federal judgment rate, less credit for any payments made prior to default, by lodging a proposed judgment along with a declaration by the Trustee or his counsel establishing the uncured default and the amount of the judgment.

- **Other**. Mr. Peters waives any claim against the Estate.  The Estate and Mr. Peters mutually release each other from all claims and obligation except those under the Settlement Agreement. Nothing in the Settlement Agreement shall constitute or be construed as an admission of liability on behalf of the Trustee or Mr. Peters.

## STANDARD FOR APPROVAL OF A COMPROMISE

The Trustee believes that the settlement described above is in the best interest of the Estate and meets the standards of *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986); *cert. den. sub nom Martin v. Robinson*, 479 U.S. 854 (1986). Approval or rejection of the compromise is within the court's discretion. In considering the approval of the proposed compromise, the court must take into account the following factors:

(1) The probability of success in the litigation; (2) the difficulty, if any, to be encountered in collection; (3) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views.

### Probably of Success

The Trustee's probability of establishing liability on his claims against Mr. Peters is high, and thus this factor does not favor approval of the Settlement Agreement.  The evidence strongly supports the avoidance of the entirety of the $250,000 transfer from Benja to Mr. Peters, which was within the 90-day preference period, and which enabled Mr. Peters to receive more than he would otherwise.   The Trustee asserts that, because Mr. Peters' preference liability is clear, the Trustee would win on summary judgment on the Estate's preference claim, and thus, would not need to incur the expense of establishing the Estate's fraudulent transfer claims.  Because the probability of success is high this factor does not favor approval of the Settlement Agreement.

### Difficulty in Collection

The difficulty of collection element, on the other hand, weighs strongly in favor of approval of the Settlement Agreement.  Mr. Peters has provided evidence in support of a likely inability to pay a $250,000 judgment against him.  Mr. Peters provided various financial statements, indicating significant financial problems, including large debts to creditors who have priority over the Trustee's claims.   For this reason, the Trustee anticipates he would have significant difficulties in collecting from Mr. Peters, who appears to be unlikely to a pay a $250,000 judgment, except possibly out of future wages, which may be garnished by one or more creditors.

### Complexity, Expense, and Delay

This factor also strongly favors approval of the Settlement Agreement.  Although the litigation is not complex, the Trustee estimates that it would require no less than $50,000 in attorneys' fees and costs to reach a judgment against Mr. Peters on account of the Estate's preference claim. The Estate would then have to incur additional fees and costs to pursue collection against Mr. Peters.  For the reasons set forth above, it is highly unlikely that the Estate would recover much, if any, of the full $250,000 represented by the Transfer.  In addition, any recovery would come at a material expense, inconvenience, and delay to the Estate.

### Paramount Interest of Creditors

Finally, the paramount interest of creditors strongly favors settlement. The Settlement Payments represent a significant recovery on account of the Avoidance Claims—approximately 64%—without incurring the additional fees and costs to the Estate if these claims were to be litigated and the high risk that a judgment would be uncollectible.  The Trustee has explained the terms of the settlement to the large creditors in the case, including

Case: 20-30819   Doc# 146   Filed: 02/03/23   Entered: 02/03/23 15:55:43   Page 3 of 4

an explanation of the collection issues noted above. The Trustee believes that these creditors are in support of the proposed settlement.

## WAIVER OF RULE 6004(h) AND RELATED STAY PROVISIONS

The Motion also requests that the order granting the Motion provide: "This Order is effective upon entry, and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply."

**PLEASE TAKE FURTHER NOTICE** that Local Rule 9014-1 of United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed settlement or any request for hearing thereon.

> Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;
>
> Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;
>
> If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.
>
> In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.

**PLEASE TAKE FURTHER NOTICE** that all interested parties should consult the Bankruptcy Court's website at http://canb.uscourts.gov for information about the Bankruptcy Court's operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have question regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.

**PLEASE TAKE FURTHER NOTICE** that as of January 1, 2005, electronic filing became mandatory in the United States Bankruptcy Court for the Northern District of California. Those persons who may wish to object but are not qualified to filed documents electronically with the Bankruptcy Court should check with the Bankruptcy Court's website (www.canb.uscourts.gov) for guidance.

Dated: February 3, 2023                FINESTONE HAYES LLP

                                        *Jennifer C. Hayes*
                                        Jennifer C. Hayes
                                        Attorneys for Kyle Everett, in his capacity as Chapter 7 Trustee of the Benja Incorporated bankruptcy estate

Jennifer C. Hayes (197252)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 616-0466
Fax (415) 398-2820
jhayes@fhlawllp.com

Case: 20-30819   Doc# 146   Filed: 02/03/23   Entered: 02/03/23 15:55:43   Page 4 of 4