# Attachment 1

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into on April 28, 2023 (the "Agreement Date") by and between Daniel Ian Weiner ("Mr. Weiner") and the bankruptcy estate of Benja Incorporated *aka* Ephe Corporation ("Benja"), which is administered by the duly appointed Chapter 7 trustee, Kyle Everett (the "Trustee"). *See* N.D. Cal. Case No. 20-30819-DM.

## RECITALS

A. Benja is a Delaware corporation that filed a voluntary petition for Chapter 11 bankruptcy relief on October 15, 2020 (the "Petition Date"). The Trustee was appointed as the Chapter 11 trustee on November 3, 2020. The case was converted to Chapter 7 on January 29, 2020, and the Trustee was appointed as the Chapter 7 trustee.

B. Benja was ostensibly an e-commerce and digital advertising company. Andrew Chapin ("Mr. Chapin") served as Benja's CEO from its founding until at least September 2020.

C. Mr. Chapin entered into a criminal plea agreement in which he admitted to bank fraud, wire fraud, and securities fraud. *See* N.D. Cal. Case No. CR 21-00217-MMC at ECF 42. The charges generally arose from, among other things, false statements and omissions about Benja's revenue, accounts receivable, and commercial dealings that were made to Benja's creditors, investors, and prospective investors to induce payments and/or investments. *See id.*

D. Mr. Weiner performed work for, and for the benefit of, Benja and Mr. Chapin. The Trustee alleges that (1) on multiple occasions, Mr. Weiner assisted Mr. Chapin's fraudulent scheme by impersonating representatives of companies with which Benja falsely claimed to have business relationships, (2) Mr. Weiner made materially false and fraudulent representations to creditors, investors, and prospective investors, and (3) investors paid over $10 million to Benja following the date of Mr. Weiner's first impersonation, and at least some of these payments were induced in part by Mr. Weiner's fraud. Mr. Weiner disputes these allegations.

E. On October 14, 2022, the Trustee sued Mr. Weiner for avoidance of fraudulent transfers, aiding and abetting fraud, violation of California Business and Professions Code §§ 17200 *et seq.*, and disallowance of claim, among other claims for relief. *See* Bankr. N.D. Cal. Adv. Proc. No. 22-03108-DM (the "Adversary Proceeding") at ECF 1. Mr. Weiner filed an answer on December 19, 2022. *Id.* at ECF 6.

F. Without admitting or determining any fault or liability whatsoever, Mr. Weiner and the bankruptcy estate of Benja desire to settle all claims and causes of action between them.

## AGREEMENT

In consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the parties agree as follows:

1. **Recitals Incorporated.** The Recitals set forth above are incorporated as an agreed statement of facts relating to this Agreement.

2. **Settlement Payments.** Mr. Weiner shall transfer, pay, or cause to be transferred or paid, pursuant to the instructions below, the total sum of $13,200 (the "Settlement Funds"). The Settlement Funds shall be paid on or before May 5, 2023.

   Unless otherwise directed by the Trustee pursuant to Section 7 of this Agreement, the Settlement Funds shall be paid via check mailed to the Trustee at the following address and postmarked on or before the above due dates:

   > Bankruptcy Estate of Benja Incorporated
   > c/o Kyle Everett, Chapter 7 Trustee
   > 150 Post Street, Suite 400
   > San Francisco, CA 94108

3. **Effectiveness.** The effectiveness of this Agreement is subject to, and conditioned upon, the final approval of the Bankruptcy Court. The Trustee shall move for such approval once the Settlement Funds are received from Mr. Weiner. In the event that the Bankruptcy Court does

not approve this agreement, the Trustee shall keep $2,500 of the Settlement Funds as nonrefundable. Once this Agreement is finally approved by the Bankruptcy Court, the Trustee will voluntarily dismiss the Adversary Proceeding against Mr. Weiner.

4. **Attorneys' Fees and Costs.** The parties shall each bear their own attorneys' fees, costs, and expenses in connection with the drafting of this Agreement and the Trustee's motion for approval of this Agreement. Once approved, in any action to enforce this Agreement, the prevailing party shall have the right to collect from the other party its reasonable costs and attorneys' fees in an amount determined by the Bankruptcy Court.

5. **General Mutual Releases.**

   a. **Definition of Claims.** For purposes of this Agreement, "Claims" means any and all claims, demands, liabilities, obligations, debts, royalties, contracts, guaranties, liens, lien rights, damages, costs, expenses (including, without limitation, attorneys' and professional fees), compensation, obligations, causes of action, and any other right of every type and description whatsoever, including, without limitation, causes of action for legal or equitable relief, whether absolute or contingent, due or to become due, disputed or undisputed, liquidated or unliquidated, known or unknown, actual or potential, express or implied, suspected or unsuspected, fixed or contingent, including but not limited to any claims relating to the Adversary Proceeding.

   b. **General Mutual Release of Claims.** Each party, on its own behalf and, if applicable, on behalf of its agents, attorneys, employees, officers, directors, partners, shareholders, members, predecessors, successors, affiliates, subsidiaries, independent contractors, parent companies, estates, heirs, executors, representatives, administrators, personal representatives, insurers, and assigns, releases and forever discharges the other party including, if applicable, its agents, attorneys, employees, officers, directors, partners, shareholders, members, predecessors, successors, affiliates, subsidiaries, independent contractors, parent companies, estates, heirs, executors,

Page 3 of 9
Case: 20-30819    Doc# 157-2    Filed: 05/30/23    Entered: 05/30/23 13:58:33    Page 4 of 13

representatives, administrators, personal representatives, insurers, and assigns, and all other persons, firms, or corporations connected therewith, from any and all Claims that each party has or may have against the other party, from the beginning of time until the Agreement Date. Each party covenants and agrees it will forever refrain and forebear from commencing, instituting, or prosecuting any lawsuit, action, or other proceeding against the other party based on, arising out of, or connected with any of the above released Claims. The release agreed upon in this paragraph does not apply to or modify the parties' obligations to comply with their commitments under this Agreement.

  c. **California Civil Code § 1542 Waiver.** The parties acknowledge that they have read and understand California Civil Code § 1542, which states as follows: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The parties expressly waive and relinquish all rights and benefits under California Civil Code § 1542 and any law of any jurisdiction of similar effect.

  d. **No Release of the Trustee's Reporting Duties and Abilities.** For the avoidance of doubt, nothing in this Agreement releases or impairs the Trustee's duties as set forth in section 4.N.9 of the Handbook for Chapter 7 Trustees published by the U.S. Department of Justice (version dated March 24, 2023). Furthermore, nothing in this Agreement impairs or prevents the Trustee from communicating with governmental agencies, regulatory authorities, and/or third parties about this adversary proceeding and the Trustee's allegations therein, whether or not the Trustee's claims are released.

6. **Waiver of Mr. Weiner's Claim in Bankruptcy Case.** Mr. Weiner agrees not to file a proof of claim or otherwise assert any right to payment based on a prepetition debt in Benja's bankruptcy case. To the

extent that Mr. Weiner has filed a proof of claim, it shall be deemed withdrawn as of the Agreement Date.

7. **Notices.** Notwithstanding any requirements to the contrary, whether under state law, federal law, or otherwise, all notices, demands, requests, consents, or other communications under this Agreement shall be in writing and shall be given by mail and email to the parties at the addresses shown below, or to such other address or by other such methods as may be designated by written notice given by either party to the other party.

    a. **To Mr. Weiner:**

    | | |
    |---|---|
    | By mail: | Dan Weiner<br>238 Mill Cove Road<br>Warwick, RI  02889 |
    | With a copy by email: | Dan Weiner, danweinervt@gmail.com |

    b. **To the Trustee:**

    | | |
    |---|---|
    | By mail: | Ryan Witthans<br>Finestone Hayes LLP<br>456 Montgomery Street<br>San Francisco, CA  94104 |
    | With a copy by email: | Ryan Witthans, rwitthans@fhlawllp.com |

8. **Governing Law and Jurisdiction.** This Agreement shall be governed by and construed in accordance with the laws of California. The United States Bankruptcy Court for the Northern District of California shall have jurisdiction over all disputes arising under this Agreement.

9. **Event of Default as to Settlement Payments.**

    a. **Notice and Cure Period.** In the event that Mr. Weiner does not timely pay the Settlement Funds on or before the applicable due dates, the Trustee or his counsel shall provide notice of the default as provided in Section 7 of this Agreement. Mr. Weiner

shall have seven calendar dates from the date notice is given (the "Cure Period") to cure the default. If the default is not cured within the Cure Period, the Trustee in his sole discretion shall decide whether to further extend the Cure Period or to initiate action to recover the remainder of the Settlement Funds as set forth in Sections 9(b) and (c) below.

  b. **Consent Judgment.** Concurrently with execution of this Agreement, the parties have executed a Consent Judgment in the form attached as **Exhibit A**. If the default is not cured as set forth in Section 9(a) above, the parties agree that the Trustee may initiate action in this bankruptcy case (or initiate any other action before a tribunal of competent jurisdiction) and move for entry of a judgment in substantially the form as the attached Consent Judgment, including if necessary, filing a complaint, which Mr. Weiner agrees not to respond to, via answer, motion practice, or otherwise. The amount of the Consent Judgment shall be the full amount of the Settlement Funds, with a credit for amounts actually received pursuant to this Agreement. In such an action, Mr. Weiner agrees to accept service of process by mail at the address specified above in Section 7.

  c. **No Waiver of Claims.** If the default is not cured as set forth in Section 9(a) above, nothing in this Agreement shall be construed as a limitation to the Trustee's ability to bring any claims against Mr. Weiner, including those related to the Adversary Proceeding. Such an action may be brought as an adversary proceeding in this bankruptcy case or other action before a tribunal of competent jurisdiction. In such an action, Mr. Weiner agrees to accept service of process by mail at the address specified above in Section 7.

10.  **Tolling of Statutes of Limitation.** The parties agree that all statutes of limitation applicable to the Claims subject to release under this Agreement will be tolled from the period beginning on the Agreement Date and ending upon (1) Mr. Weiner's timely and full completion of the payments contemplated by this Agreement or (2) the expiration of the Cure Period pursuant to Section 9(a) of this Agreement without Mr. Weiner's cure of the default.

11. **No Admissions of Liability.** The parties understand and agree that in making this Agreement no party is admitting any wrongdoing or liability to the other party. Rather, the parties simply wish to avoid the risks and expenses attendant to litigation. The settlement provided for in this Agreement in no way constitutes an admission of any fact, claim, or allegation and in no way indicates, implies, or admits the truth of any allegation or claim in any pleading, paper, or document. For the avoidance of doubt, nothing in this Agreement prejudices Mr. Weiner's right to contest liability, damages, or any other issues in this adversary proceeding, and Mr. Weiner does not admit to any wrongdoing or liability, or that bankruptcy estate of Benja has suffered any damages.

12. **Opportunity to Consult with Counsel.** The terms of this Agreement are the product of negotiations between the parties, and the parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to. Each party acknowledges that it has had the opportunity to obtain the advice of legal counsel and agrees that each of them has been given a reasonable period of time within which to consider this Agreement. Each of the parties confirm that they understand and accept the terms and conditions of the Agreement.

13. **Entire Agreement; Modification by Writing Only.** This Agreement incorporates, embodies, expresses, and supersedes all agreements and understandings of any kind between the parties. No term or provision of this Agreement may be varied, changed, modified, waived, or terminated orally, but only by an instrument in writing signed by the signatory against whom the enforcement of the variation, change, modification, waiver, or termination is sought.

14. **No Duress.** The parties acknowledge that they are executing this Agreement as their own voluntary act and deed and represent that such execution was not the result of any duress, coercion, or undue influence upon any of them.

15. **No Inducements to Settlement Except Those Expressed Herein.** The parties acknowledge and represent that no promise, inducement, or agreement not expressed herein has been made to them

by the other party to this Agreement, or any of their employees, agents, attorneys, or representatives; that they have read, know, and understand completely the terms of this Agreement; and that they are fully competent under the law to execute this Agreement.

16. **Severability.** If any portion or portions of this Agreement are held by a court of competent jurisdiction to conflict with any federal, state, or local law, and as a result such portion or portions are declared to be invalid and of no force or effect in such jurisdiction, all remaining portions of this Agreement shall otherwise remain in full force and effect and be construed as if such invalid portion or portions had not been included herein.

17. **Interpretation of Agreement.** This Agreement shall be construed without regard to the party or parties responsible for its preparation and shall be deemed to have been prepared collectively by the parties. Any ambiguity or uncertainty arising herein shall not be interpreted or construed against any party hereto on the basis that a party prepared or drafted a particular provision of this Agreement. The parties acknowledge and agree that this Agreement and its provisions shall be construed according to their common or ordinary meaning and without interpretive favor or prejudice to any party.

18. **Successors and Assigns.** The legal rights and obligations of this Agreement are intended to, and shall, inure to the benefit of, and be binding upon, the parties to this Agreement and their respective legal representatives, successors, and assigns.

19. **Warranty.** Each party warrants that (1) the person executing this Agreement on its behalf has the authority to do so; and (2) the matters being released pursuant to this Agreement have not been assigned or otherwise transferred to any other person or entity.

20. **Counterparts.** This Agreement may be executed in multiples, all of which shall be deemed an original but all of which together shall constitute one and the same Agreement.

[*Signatures on following page.*]

# SIGNATURES

The parties have caused this Agreement to be executed by their duly authorized representatives as follows:

*Kyle Everett*
Kyle Everett (Apr 28, 2023 18:26 PDT)

By: Kyle Everett, solely in his capacity as Chapter 7 trustee for the bankruptcy estate of Benja Incorporated *aka* Ephe Corporation

*Daniel Ian Weiner*
Daniel Ian Weiner (Apr 28, 2023 15:15 EDT)

By: Daniel Weiner

# Exhibit A

Stephen D. Finestone (SBN 125675)
Jennifer C. Hayes (SBN 197252)
Ryan A. Witthans (SBN 301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:    (415) 481-5481
Fax:    (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Kyle Everett,
Plaintiff and Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re BENJA INCORPORATED, *aka* EPHE CORPORATION,<br><br>　　　　Debtor. | Case No. 20-30819-DM<br>Chapter 7<br>Hon. Dennis Montali |
| KYLE EVERETT, Chapter 7 Trustee,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DANIEL IAN WEINER,<br><br>　　　　Defendant. | Adv. Proc. No. 22-03108-DM<br><br>**CONSENT JUDGMENT** |

　　　Plaintiff Kyle Everett (the "Plaintiff"), the duly appointed Chapter 7 trustee of the above-captioned bankruptcy estate, and defendant Daniel Ian Weiner (the "Defendant," and together, the "Parties"), have agreed to resolve the matters in controversy in this action and consent to the entry of this *Consent Judgment* as follows:

　　　**IT IS ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of the Plaintiff and against the Defendant in the amount of $13,200, plus interest, less any amounts

CONSENT JUDGMENT            1

1 actually received pursuant to the *Settlement Agreement and Mutual Release*[1] dated April 28,
2 2023, for a total judgment amount of $_____. Post-judgment interest shall
3 accrue on this amount at the maximum rate allowable by law.

4     Nothing in this *Consent Judgment* shall be construed as a limitation to the Plaintiff's
5 ability to bring additional and/or separate claims against the Defendant.

6     \* \* \* \* END OF JUDGMENT \* \* \* \*

8 Approved as to form:

10 *Kyle Everett*
Kyle Everett (Apr 28, 2023 18:25 PDT)

*Daniel Ian Weiner*
Daniel Ian Weiner (Apr 28, 2023 15:16 EDT)

By: Kyle Everett, solely in his capacity as
Chapter 7 trustee for the bankruptcy estate of
Benja Incorporated *aka* Ephe Corporation

By: Daniel Weiner

---

[1] If and when this *Consent Judgment* is filed, an authentic copy of the *Settlement Agreement and Mutual Release* will be attached, along with an accounting of the settlement funds actually received.

CONSENT JUDGMENT      2