Stephen D. Finestone (Cal. Bar No. 125675)
Jennifer C. Hayes (Cal. Bar No. 197252)
Ryan A. Witthans (Cal. Bar No. 301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:  (415) 481-5481
Fax:  (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Kyle Everett,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re BENJA INCORPORATED, *aka* EPHE CORPORATION,<br><br>　　　　Debtor. | Case No. 20-30819-DM<br>Chapter 7<br>Hon. Dennis Montali<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING PAYMENT OF CHAPTER 7 ADMINISTRATIVE EXPENSE (UNITEDLEX CORPORATION)**<br><br><u>Hearing</u>:<br>*No hearing requested. Noticed pursuant to B.L.R. 9014-1(b)(3).*[1]<br><br>*Please visit www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic.* |

　　　　Kyle Everett (the "Trustee"), the duly appointed Chapter 7 trustee of the bankruptcy estate of the above-captioned debtor ("Benja"), hereby submits this motion (the "Motion") for an

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California.

MOTION TO AUTHORIZE PAYMENT OF ADMINISTRATIVE EXPENSE　　　　1

order authorizing, on a retroactive and ongoing basis, the payment of Chapter 7 administrative expenses to UnitedLex Corporation ("UnitedLex"). This Motion is supported by the concurrently filed declaration of the Trustee and notice. In support of this Motion, the Trustee represents as follows:

**I.    INTRODUCTION AND BACKGROUND**

1. Benja is a Delaware corporation that filed a voluntary petition for Chapter 11 bankruptcy relief on October 15, 2020. ECF 1. The Trustee was appointed as the Chapter 11 trustee on November 3, 2020. ECF 45. The case was converted to Chapter 7 on January 29, 2020, and the Trustee was appointed as the Chapter 7 trustee. ECF 85, 86.

2. The Trustee sought to employ UnitedLex to manage electronically stored information ("ESI") obtained by the Trustee in his investigation of estate claims, among other things. ECF 109 (the "Application"). These documents have been, and continue to be, essential to the Trustee's litigation of claims for the benefit of the bankruptcy estate and Benja's creditors.

3. This Court approved the employment of UnitedLex on February 10, 2022. ECF 111 (the "Employment Order"). Among other things, the Employment Order authorized the Trustee "to pay compensation to UnitedLex on an interim basis, in the ordinary course of business as set forth in the Application, which payments shall be subject to the Court's review and final approval." *Id.*

4. The case of *Dreyfuss v. Cory (In re Cloobeck)*, 788 F.3d 1243 (9th Cir. 2015) has been interpreted as requiring trustees to seek retroactive approval of all expenses in a bankruptcy case to the extent notice was previously not given.

5. B.L.R. 2016-1(a), which was promulgated in response to *Cloobeck*, provides:

> A Chapter 7 trustee may, during the course of a chapter 7 case, without further authorization from the court and subject to final authorization upon consideration of the Trustee's Final Report, disburse amounts aggregating up to $25,000 from estate funds to pay actual and necessary expenses of the estate arising in the ordinary course of administering the estate ("Authorized Disbursal"), including but not limited to such expenses as:
>
> * * *
>
> (21) Charges for storage of the debtor's records to prevent the destruction of those records and related necessary cartage costs.

MOTION TO AUTHORIZE PAYMENT OF ADMINISTRATIVE EXPENSE        2

> All disbursements made by the trustee pursuant to this rule must be disclosed in the Trustee's Final Report. Applications for fees or costs filed by the trustee and by paraprofessionals employed in the case by the trustee must disclose disbursements made pursuant to this rule for which reimbursement from the estate is requested.

6. As of the date of this Motion, the Trustee has made payments to UnitedLex totaling $44,085.79. A breakdown of the charges is provided in the Trustee's accompanying declaration. These payments were for actual and necessary expenses of the estate arising in the ordinary course of preserving the estate's records, and they were paid pursuant to this Court's Employment Order.

7. The Trustee anticipates, based on the needs of the case, that the services of UnitedLex will continue to be required in the ordinary course of preserving the estate's records. The Trustee further anticipates that, to provide these services, UnitedLex will require payment on an ongoing basis as set forth in the Employment Order.

## II. REQUEST FOR RELIEF

For the reasons stated above, and pursuant to *Cloobeck* and B.L.R. 2016-1(a), the Trustee requests that the Court enter an order providing:

1. The $25,000 cap provided by B.L.R. 2016-1(a) is lifted on a retroactive and ongoing basis as it relates to payments made by the Trustee to UnitedLex.
2. The Trustee is authorized, but not directed, to continue making ongoing payments to UnitedLex on an interim basis for actual and necessary expenses of the estate arising in the ordinary course of business as set forth in the Application and Employment Order.
3. All payments made by the Trustee to UnitedLex shall be subject to the Court's review and final approval as set forth in the Employment Order.
4. All disbursements made by the Trustee to UnitedLex shall be disclosed in the Trustee's Final Report as set forth in B.L.R. 2016-1(a).

MOTION TO AUTHORIZE PAYMENT OF ADMINISTRATIVE EXPENSE 3

Dated July 5, 2023

FINESTONE HAYES LLP

*/s/ Ryan A. Witthans*
Ryan A. Witthans
Attorneys for Kyle Everett,
Chapter 7 Trustee