Stephen D. Finestone (Cal. Bar No. 125675)
Jennifer C. Hayes (Cal. Bar No. 197252)
Ryan A. Witthans (Cal. Bar No. 301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:   (415) 481-5481
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Kyle Everett,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re BENJA INCORPORATED, *aka* EPHE CORPORATION,<br><br>　　　Debtor. | Case No. 20-30819-DM<br>Chapter 7<br>Hon. Dennis Montali<br><br>**DECLARATION OF KYLE EVERETT IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING PAYMENT OF CHAPTER 7 ADMINISTRATIVE EXPENSE (UNITEDLEX CORPORATION)**<br><br><u>Hearing:</u><br>*No hearing requested. Noticed pursuant to B.L.R. 9014-1(b)(3).*<br><br>*Please visit www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic.* |

I, Kyle Everett, declare as follows:

1.　　I am the duly appointed Chapter 7 trustee of the bankruptcy estate of the above-captioned debtor. I have personal knowledge of the facts set forth below, except those stated on information and belief, and as to those facts, I am informed and believe they are true. If called upon to testify as a witness, I could and would competently testify to these facts.

EVERETT DECLARATION　　　　　1

2. I make this declaration in support of the concurrently filed *Chapter 7 Trustee's Motion for Order Authorizing Payment of Chapter 7 Administrative Expense (UnitedLex Corporation)*. This declaration uses the same defined terms set forth in that Motion.

3. Benja is a Delaware corporation that filed a voluntary petition for Chapter 11 bankruptcy relief on or about October 15, 2020. ECF 1. I was appointed as the Chapter 11 trustee on or about November 3, 2020. ECF 45. The case was converted to Chapter 7 on or about January 29, 2020, and I was appointed as the Chapter 7 trustee. ECF 85, 86.

4. I sought to employ UnitedLex to manage ESI that I obtained in my investigation of estate claims, among other things. These documents have been, and continue to be, essential to my litigation of claims for the benefit of the bankruptcy estate and Benja's creditors.

5. This Court approved the employment of UnitedLex on or about February 10, 2022. ECF 111. Among other things, the Employment Order authorized me "to pay compensation to UnitedLex on an interim basis, in the ordinary course of business as set forth in the Application, which payments shall be subject to the Court's review and final approval." *Id.*

6. I am informed and believe that the case of *Dreyfuss v. Cory (In re Cloobeck)*, 788 F.3d 1243 (9th Cir. 2015) has been interpreted as requiring trustees to seek retroactive approval of all expenses in a bankruptcy case to the extent notice was previously not given.

7. B.L.R. 2016-1(a), which I am informed and believe was promulgated in response to *Cloobeck*, provides:

> A Chapter 7 trustee may, during the course of a chapter 7 case, without further authorization from the court and subject to final authorization upon consideration of the Trustee's Final Report, disburse amounts aggregating up to $25,000 from estate funds to pay actual and necessary expenses of the estate arising in the ordinary course of administering the estate ("Authorized Disbursal"), including but not limited to such expenses as:
>
> * * *
>
> (21) Charges for storage of the debtor's records to prevent the destruction of those records and related necessary cartage costs.
>
> All disbursements made by the trustee pursuant to this rule must be disclosed in the Trustee's Final Report. Applications for fees or costs filed by the trustee and by paraprofessionals employed in the case by the trustee must disclose disbursements made pursuant to this rule for which reimbursement from the estate is requested.

EVERETT DECLARATION 2

8. As of the date of this Motion, I have made payments to UnitedLex totaling $44,085.79. A true and correct breakdown of the charges is attached as **Exhibit A** to this declaration. I am informed and believe that these payments were for actual and necessary expenses of the estate arising in the ordinary course of preserving the estate's records, and they were paid pursuant to this Court's Employment Order.

9. I anticipate, based on the needs of the case, that the services of UnitedLex will continue to be required in the ordinary course of preserving the estate's records. I further anticipate that, to provide these services, UnitedLex will require payment on an ongoing basis as set forth in the Employment Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 5, 2023.

                                            /s/ Kyle Everett
                                            Kyle Everett

**Exhibit A: Payments to UnitedLex**

| Date | Name | Amount |
|---|---|---:|
| 06/14/2022 | UnitedLex Corporation | -20,460.70 |
| 08/04/2022 | UnitedLex Corporation | -23,625.09 |
| | Total: | $ (44,085.79) |