# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re BENJA INCORPORATED, *aka* EPHE CORPORATION,<br><br>Debtor. | Case No. 20-30819-DM<br>Chapter 7<br>Hon. Dennis Montali<br><br>**NOTICE AND OPPORTUNITY FOR HEARING ON CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING PAYMENT OF CHAPTER 7 ADMINISTRATIVE EXPENSE (UNITEDLEX CORPORATION)**<br><br>Hearing:<br>*No hearing requested. Noticed pursuant to B.L.R. 9014-1(b)(3).[1]*<br><br>*Please visit www.canb.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic.* |

**TO THE BANKRUPTCY COURT, THE DEBTOR, CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Kyle Everett (the "Trustee"), the duly appointed Chapter 7 trustee of the bankruptcy estate of the above-captioned debtor ("Benja"), has filed a motion (the "Motion") for an order authorizing the ongoing payment of Chapter 7 administrative expenses to UnitedLex Corporation ("UnitedLex"). Copies are available on PACER or by contacting rwitthans@fhlawllp.com.

**PLEASE TAKE FURTHER NOTICE** that the Motion seeks the following relief:

## I.    INTRODUCTION AND BACKGROUND

Benja is a Delaware corporation that filed a voluntary petition for Chapter 11 bankruptcy relief on October 15, 2020. ECF 1. The Trustee was appointed as the Chapter 11 trustee on November 3, 2020. ECF 45. The case was converted to Chapter 7 on January 29, 2020, and the Trustee was appointed as the Chapter 7 trustee. ECF 85, 86.

The Trustee sought to employ UnitedLex to manage electronically stored information ("ESI") obtained by the Trustee in his investigation of estate claims, among other things. ECF 109 (the "Application"). These documents have been, and continue to be, essential to the Trustee's litigation of claims for the benefit of the bankruptcy estate and Benja's creditors.

This Court approved the employment of UnitedLex on February 10, 2022. ECF 111 (the "Employment Order"). Among other things, the Employment Order authorized the Trustee "to pay compensation to UnitedLex on an

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California.

Case: 20-30819    Doc# 164    Filed: 07/05/23    Entered: 07/05/23 11:05:41    Page 1 of 3

interim basis, in the ordinary course of business as set forth in the Application, which payments shall be subject to the Court's review and final approval." *Id.*

The case of *Dreyfuss v. Cory (In re Cloobeck)*, 788 F.3d 1243 (9th Cir. 2015) has been interpreted as requiring trustees to seek retroactive approval of all expenses in a bankruptcy case to the extent notice was previously not given.

B.L.R. 2016-1(a), which was promulgated in response to *Cloobeck*, provides:

> A Chapter 7 trustee may, during the course of a chapter 7 case, without further authorization from the court and subject to final authorization upon consideration of the Trustee's Final Report, disburse amounts aggregating up to $25,000 from estate funds to pay actual and necessary expenses of the estate arising in the ordinary course of administering the estate ("Authorized Disbursal"), including but not limited to such expenses as:

> * * *

> (21) Charges for storage of the debtor's records to prevent the destruction of those records and related necessary cartage costs.

> All disbursements made by the trustee pursuant to this rule must be disclosed in the Trustee's Final Report. Applications for fees or costs filed by the trustee and by paraprofessionals employed in the case by the trustee must disclose disbursements made pursuant to this rule for which reimbursement from the estate is requested.

As of the date of the Motion, the Trustee has made payments to UnitedLex totaling $44,085.79. A breakdown of the charges is provided in the Trustee's declaration filed in support of the Motion. These payments were for actual and necessary expenses of the estate arising in the ordinary course of preserving the estate's records, and they were paid pursuant to this Court's Employment Order.

The Trustee anticipates, based on the needs of the case, that the services of UnitedLex will continue to be required in the ordinary course of preserving the estate's records. The Trustee further anticipates that, to provide these services, UnitedLex will require payment on an ongoing basis as set forth in the Employment Order.

## II. REQUEST FOR RELIEF

For the reasons stated above and in the Motion, and pursuant to *Cloobeck* and B.L.R. 2016-1(a), the Trustee requests that the Court enter an order providing:

1. The $25,000 cap provided by B.L.R. 2016-1(a) is lifted on a retroactive and ongoing basis as it relates to payments made by the Trustee to UnitedLex.

2. The Trustee is authorized, but not directed, to continue making ongoing payments to UnitedLex on an interim basis for actual and necessary expenses of the estate arising in the ordinary course of business as set forth in the Application and Employment Order.

3. All payments made by the Trustee to UnitedLex shall be subject to the Court's review and final approval as set forth in the Employment Order.

4. All disbursements made by the Trustee to UnitedLex shall be disclosed in the Trustee's Final Report as set forth in B.L.R. 2016-1(a).

Case: 20-30819    Doc# 164    Filed: 07/05/23    Entered: 07/05/23 11:05:41    Page 2 of 3

**PLEASE TAKE FURTHER NOTICE** that B.L.R. 9014-1 prescribes the procedures to be followed with respect to an objection to the proposed settlement or any request for hearing thereon.

> **Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**
>
> **Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**
>
> **If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.**
>
> **In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE FURTHER NOTICE** all interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.

**PLEASE TAKE FURTHER NOTICE** that as of January 1, 2005, electronic filing became mandatory in the United States Bankruptcy Court for the Northern District of California. Those persons who may wish to object but are not qualified to filed documents electronically with the Bankruptcy Court should check with the Bankruptcy Court's website at www.canb.uscourts.gov for guidance.

Dated July 5, 2023                                 FINESTONE HAYES LLP


                                                   _/s/ Ryan A. Witthans_
                                                   Ryan A. Witthans
                                                   Attorneys for Kyle Everett,
                                                   Chapter 7 Trustee


Ryan A. Witthans (Cal. Bar No. 301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:    (415) 481-5481
Fax:     (415) 398-2820
Email: rwitthans@fhlawllp.com

Case: 20-30819   Doc# 164   Filed: 07/05/23   Entered: 07/05/23 11:05:41   Page 3 of 3