Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Kimberly S. Fineman (184433)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 616-0466
Fax (415) 398-2820
jhayes@fhlawllp.com

Attorneys for Chapter 7 Trustee
Kyle Everett

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED,<br><br>    Debtor. | Case No. 20-30819-DM<br><br>Chapter 7<br><br>**ERRATA RE CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH MHC FINANCIAL SERVICES, LLC**<br><br>[No Hearing Unless Requested; Notice and Opportunity for Hearing Filed Pursuant to B.L.R. 9014-1(b)(3)] |

    Kyle Everett, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Benja Incorporated (the "Debtor"), files this Errata re his motion pursuant to section 105(a), Bankruptcy Rule 9019(a), and B.L.R. 9014-1(b)(3) for entry of an order approving the settlement agreement (the "Settlement Agreement") reached between the Trustee, on the one hand, and MHC Financial Services, LLC, formerly known as MHC Financial Services, Inc. ("MHC"), on the other hand. (ECF 170, 170-1, 171, collectively, the "Moving Papers"). The Moving Papers state that "applying the same assumptions regarding the total amount of the Bankruptcy Estate's assets and liabilities shows that, under the net payment and withdrawal-of-

claim approach, general unsecured creditors are *estimated* to receive .38% more on their claims than if MHC paid the gross amount to the Bankruptcy Estate and did not withdraw its Proof of Claim." (emphasis added). This statement contained an inadvertent math error of the estimated recovery to creditors. The correct statement should be: "applying the same assumptions regarding the total amount of the Bankruptcy Estate's assets and liabilities shows that, under the net payment and withdrawal-of-claim approach, general unsecured creditors are *estimated* to receive 1.97% less on their claims than if MHC paid the gross amount to the Bankruptcy Estate and did not withdraw its Proof of Claim." Other than as modified above, the Moving Papers remain unchanged. Pursuant to the Trustee's Supplemental Declaration, this modification to the Moving Papers does not change the Trustee's conclusion, in his reasonable business judgment, that the Settlement Agreement fulfills the *A & C Properties* factors set forth in *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986); *cert. den. sub nom Martin v. Robinson*, 479 U.S. 854 (1986) and should be approved. A copy of the Trustee's Supplemental Declaration is available upon request to Jennifer Hayes, jhayes@fhlawllp.com; 415-616-0466.

Dated: August 14, 2023          **FINESTONE HAYES LLP**

By: *Jennifer C. Hayes*
Jennifer C. Hayes, on behalf of Kyle Everett, solely in his capacity as Chapter 7 Trustee of the Benja bankruptcy estate