Stephen D. Finestone (SBN 125675)
Jennifer C. Hayes (SBN 197252)
Kimberly S. Fineman (SBN 184433)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:  (415) 421-2624
Fax:   (415) 398-2820
Email: kfineman@fhlawllp.com

Attorneys for A. Kyle Everett,
Trustee in Bankruptcy

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re BENJA INCORPORATED,<br><br>Debtor. | Case No. 20-30819-DM<br>Chapter 7<br><br>**STIPULATION TO FURTHER EXTEND TOLLING AGREEMENT (JOMBOY CORP.)**<br><br><u>Hearing:</u> *None requested.* |

This *Stipulation to Extend Tolling Agreement* (the "Stipulation") is entered into by and between A. Kyle Everett (the "Trustee"), the duly appointed Chapter 7[1] trustee in the above-captioned bankruptcy case, and Jomboy Corp. (the "Potential Litigant," and together with the Trustee, the "Parties"). In support of this Stipulation, the Parties state as follows:

**RECITALS**

A.   On October 15, 2020, Benja Incorporated commenced the above-captioned bankruptcy case under Chapter 11.  [ECF No. 1.]  The Trustee was appointed as the Chapter 11 trustee on November 3, 2020.  [ECF No. 45.]  The case was subsequently converted to Chapter 7

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. "ECF" references are to the docket in this proceeding.

1

on January 29, 2021, and the Trustee was appointed as the Chapter 7 trustee. [ECF Nos. 85 and 88.]

B. The estate may have claims against the Potential Litigant, including but not limited to claims related to transfers of certain interests in property of the Debtor to or for the benefit of the Potential Litigant.

C. The deadline, under Bankruptcy Code section 546(a), for Trustee to commence an action against the Potential Litigant, was initially October 17, 2022. *See* § 348(a); Bankruptcy Rule 9006(a)(1).

D. On October 5, 2022, the Parties executed a *Stipulation for Entry of Order Re Tolling Agreement (Jomboy Corp)* (the "Tolling Agreement") [ECF No. 135]. The Tolling Agreement extended the deadline for any such action by Trustee through and including April 17, 2023. The Court entered an order approving the Tolling Agreement on October 6, 2022 (the "Tolling Order") [ECF No. 136].

E. The Parties subsequently extended the Tolling Agreement by stipulation. *See* ECF Nos. 154-155, 187-188. The current expiration date for the Tolling Agreement, per these extensions, is January 16, 2024.

F. The Parties have reached a tentative settlement agreement through BDRP mediation, but need more time to allow the Court to consider and rule upon a motion to approve the proposed settlement.

G. This Court has jurisdiction to extend applicable statutes of limitation, including the deadline set forth in Section 546(a). *Official Creditors' Comm. for Qmect, Inc. v. Electrochem Funding, LLC (In re Qmect, Inc.)*, 349 B.R. 620, 624-25 (Bankr. N.D. Cal. 2006) (citing 140 Cong. Rec. H. 10752, H10768 (daily ed. Oct. 4, 1994) for the proposition that "[t]he time limits set forth therein are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the action or proceeding.").

H. The Parties desire to extend all applicable statutes of limitation, including but not limited to the Section 546(a) deadline, by an additional 60 days, to March 18, 2024.

**STIPULATION**

1. The above recitals are incorporated by reference.

2. The outside date provided in the Tolling Agreement is hereby extended from January 16, 2024 to and through March 18, 2024 (the "Extension").

3. Other than the Extension, all other terms of the Tolling Agreement and Tolling Order remain in full force and effect and binding upon the parties.

4. This Stipulation is without prejudice to further extensions of applicable statutes of limitation by stipulation, order of the Court, or otherwise.

5. The Parties represent and warrant that all legal action necessary for the effectuation and execution of this Stipulation has been validly undertaken and that the individuals whose signatures appear below are duly authorized to execute this Stipulation.

6. This Stipulation may be executed in counterparts with the same force and effect as if executed in one complete document by all signatories thereto. Electronic signatures are sufficient to bind the Parties.

7. The Trustee agrees to lodge an order approving the terms and conditions of this Stipulation.

**IT IS SO STIPULATED.**

Dated: January 1, 2024    GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

*/s/ Keith Patrick Banner*
Keith Patrick Banner
Attorneys for Jomboy Corp.

Dated: January 1, 2024    FINESTONE HAYES LLP

*/s/ Kimberly S. Fineman*
Kimberly S. Fineman
Attorneys for A. Kyle Everett,
Trustee in Bankruptcy

3