Stephen D. Finestone (SBN 125675)
Jennifer C. Hayes (SBN 197252)
Ryan A. Witthans (SBN 301432)
FINESTONE HAYES LLP
456 Montgomery St., 20th Floor
San Francisco, California 94104
Telephone No.: 415.414.0466
Fax No.: 415.398.2830
sfinestone@fhlawllp.com
jhayes@fhlawllp.com

Attorneys for Kyle Everett,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

BENJA INCORPORATED, aka EPHE CORPORATION,

Debtor.

Case No. 20-30819-DM
Chapter 7

**STIPULATION BETWEEN TRUSTEE AND BUSEY BANK RE BUSEY BANK'S PROOF OF CLAIM (CLAIM NO. 1)**

Kyle Everett, in his capacity as Plaintiff and Chapter 7 Trustee ("Mr. Everett" or the "Trustee") of the above-captioned bankruptcy estate, and Creditor Busey Bank ("Busey", together, the "Parties"), by through their respective counsel, stipulate as follows:

**RECITALS**

A. On October 15, 2020, Mr. Chapin caused Benja Incorporated (the "Debtor") to file a Chapter 11 bankruptcy case (the "Bankruptcy Case"). ECF No. 1. The Court granted a motion to appoint a Chapter 11 trustee in the Bankruptcy Case on October 26, 2020. ECF Nos. 19 and 26. Mr. Everett was appointed as the Chapter 11 Trustee on November 3, 2020. ECF No. 45.

B. On October 30, 2020, Busey timely filed a secured proof of claim in the sum of $5,035,579.96, exclusive of prepetition default interest and prepetition attorneys' fees, which Busey reserved the right to add. Proof of Claim No. 1 (the "Busey Claim", Rider to Busey Claim, ¶¶8, 9; ECF No. 88, ¶8. The Busey Claim is based on prepetition promissory notes (together, the "Loan") with the Debtor, which were secured by blanket liens on the Debtor's assets pursuant to a

STIPULATION RE BUSEY BANK CLAIM (NO. 1)

UCC-1 financing statement filed with the Delaware Secretary of State on or about July 19, 2019. The Loan provides that false statements under the Loan are an event of default, and that, in the event of default, "the interest rate on this Note shall be increased by adding an additional 5.000 percentage point margin". Busey Claim Rider, Exhibit 1. The Loan also includes an attorneys' fees provision. *Id.*

      C.     On or about November 23, 2020, Mr. Chapin was arrested and charged in federal court with multiple counts of fraud in connection with a multi-million-dollar scheme to deceive the Debtor's investors and creditors (the "Criminal Case").

      D.     On January 15, 2021, Mr. Everett, then acting as the Chapter 11 Trustee, moved to convert the case to Chapter 7. ECF No. 67. On January 29, 2021, the Bankruptcy Case was converted to Chapter 7 and Mr. Everett was appointed as Chapter 7 Trustee. ECF Nos. 85, 86.

      E.     On June 16, 2021, Mr. Chapin pled guilty in the Criminal Case to bank fraud, wire fraud, and securities fraud (the "Plea Agreement"). The Plea Agreement, which is lengthy, provides, *inter alia*, as follows:

> During the relevant time period (June 2019 through September 2020), I looked for additional investors and credit lines for Benja. I told creditors and prospective investors that Benja generated $6,200,000 and $13,200,000 in revenue in 2018 and 2019, respectively, and had signed large contracts with numerous well-known companies including Nike, Fanatics, Patagonia, and Backcountry, to place advertisements for their excess inventory. In truth, I knew that my representations to creditors and investors were false, as I had fabricated Benja's revenue and did not have contracts with any of these companies. **To perpetuate the fraud scheme, beginning in June of 2019 and continuing until August of 2019, I made a series of false statements to Busey Bank to secure lines of credit totaling $5,000,000** (emphasis added).

      F.     Based on the Plea Agreement, it is undisputed that Chapin made false statements to Busey to secure the Loan and that Busey is thus entitled to default interest under the Loan. It is also undisputed that Busey is entitled to attorneys' fees and costs under the Loan, based on the Loan's contractual provision authorizing Busey same. Busey asserts that, prepetition, the amount of default interest owed to Busey under the Loan totals $134,706.55 and the attorneys' fees and expenses to which Busey is entitled under the Loan total $65,136.98.

G. The Trustee asserts that the Busey Claim is only secured by the $123,000 cash that was in Benja's bank account as of the Petition Date, and that the proceeds generated during the case from litigation are not subject to Busey's lien. Busey disputes this.

H. The Trustee has filed a Motion to Approve Compromise of Controversy with the Securities and Exchange Commission, which seeks to allow the claims of investors of the Debtor pari-passu with the claims of creditors of the Debtor, and which is scheduled for hearing on March 15, 2024. ECF No. 193. Absent this stipulation, Busey would object to the Trustee's SEC Motion.

Based on the foregoing, the Parties agree as follows:

**STIPULATION**

1. The above recitals are incorporated by reference.
2. The Parties agree to resolve all of their disputes as follows:
   a. Busey shall file an amended proof of claim in the sum of $5,234,843.53 (the "Amended Busey Claim") which shall be deemed allowed, as follows, upon entry of an order approving this stipulation pursuant to a Rule 9019 motion that the Trustee shall file:
      i. a secured claim in the sum of $123,000; and
      ii. a nonpriority general unsecured claim in the sum of $5,111,843.53, comprised of $4,912,000 owing on the Loan; $134,706.55 in default interest; and $65,136.98 in attorneys' fees and expenses.
   b. Busey shall not object to the SEC Motion.
   c. No one, including the Trustee, may object to the Amended Busey Claim, so long as it conforms to paragraph 2(a), above.

STIPULATION RE BUSEY BANK CLAIM (NO. 1)

Dated: February 29, 2024

FINESTONE HAYES LLP

By: *Jennifer C. Hayes*
Jennifer C. Hayes
Attorneys for Kyle Everett, Trustee in Bankruptcy

POLSINELLI

By: *Jerry L. Switzer, Jr.*
Jerry L. Switzer, Jr.
Attorneys for Busey Bank