Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Kimberly S. Fineman (184433)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 616-0466
Fax (415) 398-2820
jhayes@fhlawllp.com

Attorneys for Chapter 7 Trustee
Kyle Everett

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED,<br><br>Debtor. | Case No. 20-30819-DM<br><br>Chapter 7<br><br>**DECLARATION OF KYLE EVERETT IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH BUSEY BANK**<br><br>[No Hearing Unless Requested; Notice and Opportunity for Hearing Filed Pursuant to B.L.R. 9014-1(b)(3)] |

I, Kyle Everett, declare as follows:

1. I am the duly appointed Chapter 7 Trustee of the bankruptcy estate (the "Estate") of Benja Incorporated (the "Debtor") in the above-captioned case (the "Bankruptcy Case"). I was appointed as the Chapter 11 Trustee in the Bankruptcy Case on or about November 3, 2020. On or about January 29, 2021, the Bankruptcy Case was converted to Chapter 7 and I was appointed as Chapter 7 Trustee (the "Trustee").

2. All statements in this declaration are based on my own personal knowledge and observation, or upon information and belief based upon my review of the court and business

records in this case. If called to testify on this matter, I could and would competently testify to the matters set forth in this Declaration.

3. I make this Declaration in support of the concurrently filed Motion to Approve Compromise of Controversy with Busey Bank, to approve the stipulation (ECF 204, the "Stipulation") reached between myself as Trustee, on the one hand, and Busey Bank ("Busey"), on the other hand. The Stipulation resolves a claim dispute between Busey and me, as Trustee.

4. Busey filed a secured proof of claim in the sum of $5,035,579.96 (Claim No. 1, the "Busey Claim"), based on prepetition loans it made to Benja Incorporated (the "Debtor"). Based on the criminal plea agreement of Debtor's founder, Andrew Chapin, I am informed and believe that Busey made the loan to the Debtor based on false representations made by Mr. Chapin.

5. In communications between my counsel and Busey's counsel, I informally objected to the secured nature of the Busey proof of claim, other than as to $123,000, which is the approximate sum of cash in Debtor's bank account as of the petition date. As to the remainder of Busey's proof of claim, I contended (via my counsel) that it was unsecured, because the only remaining assets in the estate were the proceeds from avoidable transfer litigation claims, as to which I contend Busey's security interest did not extend. I am informed and believe that Busey disputed this contention. I am further informed and believe that Busey further disagreed with my position that investor claims should be treated pari passu with creditor claims. This issue is fully discussed in the pending motion to treat investor claims pari passu with creditor claims. *See* ECF 193, *Trustee's Motion to Compromise Controversy with SEC*.

6. The Stipulation resolves all disputes between the estate and Busey. The Stipulation further provides that no one, including me as Trustee, may object to the amended proof of claim to be filed by Busey in accordance with the Stipulation.

7. Debtor was ostensibly an e-commerce advertising startup founded by Andrew Chapin in 2014. I am informed and believe that, on or about November 23, 2020, Mr. Chapin was arrested and criminally charged in federal court with multiple counts of fraud in connection with a multi-million-dollar scheme to deceive the Debtor's investors and creditors (the "Criminal

Case"). I am further informed and believe that on or about June 16, 2021, Mr. Chapin pled guilty in the Criminal Case to bank fraud, wire fraud, and securities fraud (the "Plea Agreement"). The Plea Agreement, which is lengthy, provides, inter alia, as follows:

> During the relevant time period (June 2019 through September 2020), I looked for additional investors and credit lines for Benja. I told creditors and prospective investors that Benja generated $6,200,000 and $13,200,000 in revenue in 2018 and 2019, respectively, and had signed large contracts with numerous well-known companies including Nike, Fanatics, Patagonia, and Backcountry, to place advertisements for their excess inventory. In truth, I knew that my representations to creditors and investors were false, as I had fabricated Benja's revenue and did not have contracts with any of these companies. **To perpetuate the fraud scheme, beginning in June of 2019 and continuing until August of 2019, I made a series of false statements to Busey Bank to secure lines of credit totaling $5,000,000** (emphasis added).

Everett Declaration, ¶7, citing Adv. Proc. 21-03036, ECF 22, Exhibit F, Plea Agreement pp.3:23-4:5.

8. Based on the Plea Agreement, it is undisputed that Mr. Chapin made false statements to Busey to secure the Loan and that Busey is thus entitled to default interest under the Loan. It is also undisputed that Busey is entitled to attorneys' fees and costs under the Loan, based on the Loan's contractual provision authorizing Busey same. Busey asserts that, prepetition, the amount of default interest owed to Busey under the Loan totals $134,706.55 and the attorneys' fees and expenses to which Busey is entitled under the Loan total $65,136.98, and Busey provided proof of these calculations.

9. I caused to be filed a Motion to Approve Compromise of Controversy with the Securities and Exchange Commission, which seeks to allow the claims of investors of the Debtor pari-passu with the claims of creditors of the Debtor, and which is scheduled for hearing on March 15, 2024. ECF No. 193. Absent the Stipulation, I am informed and believe that Busey would have objected to my SEC Motion.

10. For the reasons stated below, I believe in my reasonable business judgment that the Stipulation fulfills the *A & C Properties* factors.

11. The probability of success factor favors approval of the Stipulation. The probability of my successfully objecting to the secured nature of the Busey Claim, other than as

1. to the amount secured by the cash in the estate's bank account, is high. The Loan Documents do not support a security interest in the estate's litigation claims. However, objecting to the secured nature of the Busey Claim would take time and money, and be opposed by Busey, requiring motion practice and one or more hearings. The same holds true for defending against Busey's would-be objection to my motion to treat the investors pari passu with the estate's creditors. For the reasons set forth in my motion re same (ECF 193, the "SEC Motion"), I believe that the law favors paying investors and creditors pari passu, under the particular factors of this case, for the reasons set forth in the SEC Motion. I am informed and believe that, absent the Stipulation, Busey would have objected to the SEC Motion, and the estate would have borne the attorneys' fees and delay related to filing a reply brief and attending one or more hearings on the SEC Motion. I am informed and believe that it is unclear how the Court would have ruled, had the SEC Motion been litigated, instead of unopposed. On balance, I believe that the probability-of-success factor favors approval of the Stipulation.

12. The difficulty of collection element does not apply.

13. The complexity of litigation, expense, inconvenience, and delay favors approval of the Stipulation. Absent the Stipulation, and as set forth in greater default above, I would object to the secured nature of the Busey Claim, and I am informed and believe that Busey would have objected to my SEC Motion. Although I am confident that the estate would prevail in these disputes, the litigation would cause, at a minimum, expense and delay.

14. The paramount interest of creditors factor also favors approval of the Stipulation. The Stipulation resolves the parties' disputes, in exchange for Busey amending its Claim to add default interest and attorneys' fees, which additions are supported by the underlying loan documents.

15. In summary, I submit that the Stipulation is fair and equitable and, in my reasonable business judgment, in the best interest of the Estate.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct.  Executed in San Francisco County, California on March 13, 2024.

*Kyle Everett*
Kyle Everett, Solely in my Capacity as Chapter 7 Trustee of the Benja Incorporated Bankruptcy Estate