Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Kimberly S. Fineman (184433)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 616-0466
Fax (415) 398-2820
jhayes@fhlawllp.com

Attorneys for Chapter 7 Trustee,
Kyle Everett

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BENJA INCORPORATED,<br><br>   Debtor. | Case No. 20-30819-DM<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF ORDER PURSUANT TO ECF 150 (PETERS COMPROMISE ORDER)**<br><br>[No Hearing Unless Requested; Notice and Opportunity for Hearing Filed Pursuant to B.L.R. 9014-1(b)(3)] |

Kyle Everett, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Benja Incorporated (the "Debtor"), hereby moves (the "Motion"), pursuant to section 105(a) and B.L.R. 9014-1(b)(3) [1] for entry of a comfort order pursuant to the "Order Approving Trustee's Motion To Approve Compromise Of Controversy (Thomas Peters)", ECF 150 dated February

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California. "ECF" references are to the docket in the above-captioned bankruptcy case.

28, 2023 (the Peters Compromise Order, hereafter the "Order")).  This Motion is supported by the concurrently filed Declarations of the Trustee and of Stephen D. Finestone.

Under the Order, Mr. Peters was required to pay $160,000 in exchange for the estate's release of claims against him, payable in two installments of $15,000 each and a balloon payment of $130,000.  Mr. Peters made the first two $15,000 payments totaling $30,000.  The final payment of $130,000 was due on July 31, 2024.  Mr. Peters failed to make the payment, and the Trustee notified Mr. Peters of his default, pursuant to the terms of the settlement agreement and Order.  Mr. Peters did not cure the default.  The Trustee was prepared to proceed with obtaining a judgment against Mr. Peters in the sum of $250,000, less the $30,000 Mr. Peters had paid.  While in the process of moving forward with seeking entry of judgment, Mr. Peters' former counsel contacted counsel for the Trustee, stating that Mr. Peters had no money, explaining that he had even drained his retirement accounts to pay tax debt.  Mr. Peters' former counsel further stated that Mr. Peters did not want a judgment against him, and was willing to borrow $50,000 to pay the estate if that would satisfy the Mr. Peters' obligation under the Order.  This left the Trustee with two choices: obtain a judgment of $220,000, which would likely be uncollectible, or take $50,000 in satisfaction of the remaining $130,000 owing under the settlement agreement.  Mr. Peters has since paid the estate the full $50,000.

The Order approving the Settlement Agreement provides that: "Without further Court order, the Trustee is authorized to take those actions that he deems appropriate to implement the relief requested in the Motion and ordered by the Court." (ECF 150, ¶3).  Accepting the $50,000 versus obtaining what is likely an uncollectible judgment in a higher amount is arguably an action permitted to be taken by the Trustee pursuant to paragraph 3 of the Order.  However, given that the amount paid by Mr. Peterson ($80,000 in total) is 50% of the total amount owed by Mr. Peterson under the Order, the Trustee requests court approval authorizing him to accept $80,000 in full and complete satisfaction of Mr. Peters' obligations under the Order.  The Trustee believes in his reasonable business judgment that this result maximizes the return to the estate, by increasing the amount of the estate by $50,000 and by avoiding the incurrence of legal feels to obtain and attempt to collect an apparently uncollectible judgment.

For the reasons stated above, the Trustee requests entry of an order authorizing him to accept $80,000 total, in full and complete satisfaction of Mr. Peters obligations under ECF 150.

Dated: October 2, 2024

**FINESTONE HAYES LLP**

By: *Jennifer C. Hayes*
Jennifer C. Hayes, on behalf of Kyle Everett, solely in his capacity as Chapter 7 Trustee of the Benja bankruptcy estate