| | |
|---|---|
| In re<br><br>BENJA INCORPORATED,<br><br>      Debtor. | Case No. 20-30819 DM<br>Chapter 7<br><br>**NOTICE AND OPPORTUNITY FOR HEARING ON CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF COMFORT ORDER PURSUANT TO ECF 150 (PETERS COMPROMISE ORDER)**<br><br>[No Hearing Unless Requested; Filed Pursuant to B.L.R. 9014-1(b)(3)] |

**TO THE DEBTOR, CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Kyle Everett, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Benja Incorporated (the "Debtor"), has filed a Motion for Entry of Comfort Order Pursuant to ECF 150 (Peters Compromise Order (the "Motion"). The Motion seeks entry of a comfort order pursuant to the "Order Approving Trustee's Motion To Approve Compromise Of Controversy (Thomas Peters)", ECF 150 dated February 28, 2023 (the Peters Compromise Order, hereafter the "Order")). The Motion is supported by this Notice and Opportunity for Hearing, the supporting Declaration of Kyle Everett (the "Everett Declaration"), the supporting Declaration of Stephen D. Finestone, and the supporting proof of service. This Notice summarizes the Motion and the procedure for filing an objection, if any. Anyone who would like a copy of the Motion and/or the Everett or Finestone Declarations should contact Jennifer C. Hayes to request a copy: (415) 616-0466; jhayes@fhlawllp.com.

Under the Order, Mr. Peters was required to pay $160,000 in exchange for the Benja bankruptcy estate's release of claims against him, payable in two installments of $15,000 each and a balloon payment of $130,000. Mr. Peters made the first two $15,000 payments totaling $30,000. The final payment of $130,000 was due on July 31, 2024. Mr. Peters failed to make the payment, and the Trustee notified Mr. Peters of his default, pursuant to the terms of the settlement agreement and Order. Mr. Peters did not cure the default. The Trustee was prepared to proceed with obtaining a judgment against Mr. Peters in the sum of $250,000, less the $30,000 Mr. Peters had paid. While in the process of moving forward with seeking entry of judgment, Mr. Peters' former counsel contacted counsel for the Trustee, stating that Mr. Peters had no money, explaining that he had even drained his retirement accounts to pay tax debt. Mr. Peters' former counsel further stated that Mr. Peters did not want a judgment against him, and was willing to borrow $50,000 to pay the Benja bankruptcy estate if that would satisfy the Mr. Peters' obligation under the Order. This left the Trustee with two choices: obtain a judgment of $220,000, which would likely be uncollectible, or take $50,000 in satisfaction of the remaining $130,000 owing under the settlement agreement. Mr. Peters has since paid the estate the full $50,000.

The Order approving the Settlement Agreement provides that: "Without further Court order, the Trustee is authorized to take those actions that he deems appropriate to implement the relief requested in the Motion and ordered by the Court." (ECF 150, ¶3). Accepting the $50,000 versus obtaining what is likely an uncollectible judgment in a higher amount is arguably an action permitted to be taken by the Trustee pursuant to paragraph 3 of the Order. However, given that the amount paid by Mr. Peterson ($80,000 in total) is 50% of the total amount

owed by Mr. Peterson under the Order, the Trustee requests court approval authorizing him to accept $80,000 in full and complete satisfaction of Mr. Peters' obligations under the Order. The Trustee believes in his reasonable business judgment that this result maximizes the return to the estate, by increasing the amount of the estate by $50,000 and by avoiding the incurrence of legal feels to obtain and attempt to collect an apparently uncollectible judgment. For the reasons stated above, via the Motion, the Trustee requests entry of an order authorizing him to accept $80,000 total, in full and complete satisfaction of Mr. Peters obligations under ECF 150.

## WAIVER OF RULE 6004(h) AND RELATED STAY PROVISIONS

The Motion also requests that the order granting the Motion provide: "This Order is effective upon entry, and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply."

**PLEASE TAKE FURTHER NOTICE** that Local Rule 9014-1 of United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed settlement or any request for hearing thereon.

> Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;
>
> Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;
>
> If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.
>
> In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.

**PLEASE TAKE FURTHER NOTICE** that as of January 1, 2005, electronic filing became mandatory in the United States Bankruptcy Court for the Northern District of California. Those persons who may wish to object but are not qualified to filed documents electronically with the Bankruptcy Court should check with the Bankruptcy Court's website (www.canb.uscourts.gov) for guidance.

Dated: October 2, 2024  FINESTONE HAYES LLP

*Jennifer C. Hayes*
Jennifer C. Hayes
Attorneys for Kyle Everett, solely in his capacity as
Chapter 7 Trustee of the Benja Incorporated bankruptcy estate
Jennifer C. Hayes (197252)

FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 616-0466
Fax (415) 398-2820
jhayes@fhlawllp.com

-2-

Case: 20-30819    Doc# 213    Filed: 10/02/24    Entered: 10/02/24 17:17:45    Page 2 of 2